PER CURIAM.
This is an appeal from a trial court order dismissing appellant’s third amended complaint with prejudice for failure to state a cause of action. The complaint alleged three counts: fraud, civil conspiracy and commercially unreasonable sale. A pleading states a cause of action if it contains a short, plain statement of the ultimate facts which informs the defendant of the nature of the cause against him. Bolton v. Smythe, 432 So.2d 129 (Fla. 5th DCA 1983). Even if a party improperly labels a cause of action or has failed to properly frame a cause of action the complaint will not be dismissed if it states facts sufficient to support some cause of action. Circle Finance Company v. Peacock, 399 So.2d 81 (Fla. 1st DCA 1981). Our review of the complaint leads us to the same conclusion reached by the trial court, that is, the third amended complaint failed to state a cause of action for fraud, civil conspiracy or commercially unreasonable sale. The trial court properly denied appellant leave to amend its complaint a fourth time as the complaint is not amendable. See Hansen v. Central Adjustment Bureau, Inc., 348 So.2d 608 (Fla. 4th DCA 1977).
While we affirm the trial court in one respect, we reverse in another. We hold that appellant did state a cause of action for promissory estoppel, and thus the trial court erred in dismissing the entire complaint. We therefore affirm in part, reverse in part and remand for further proceedings based on a cause of action for promissory estoppel.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
HERSEY, C.J., DELL, J., and HURLEY, DANIEL T.K., Associate Judge, concur.