582 So.2d 102 (1991)
Jose M. INSUA, Appellant,
v.
WORLD WIDE AIR, INC., Appellee.
No. 90-01876.
District Court of Appeal of Florida, Second District.
June 28, 1991.
*103 Jose M. Insua, pro se.
Samuel G. Crosby and Vincent A. Sica of Miller, Crosby & Miller, P.A., Lakeland, for appellee.
THREADGILL, Judge.
Jose M. Insua appeals a summary final judgment entered in his absence as a sanction for failing to appear for a pretrial conference. We find that the sanction imposed was too severe for the offense committed and reverse.
The trial court entered an order on April 2, 1990, setting a pretrial conference on May 21, 1990, and a bench trial the beginning of June. The order required the attendance of the parties' attorneys. Insua, a practicing Florida attorney who represented himself below and on this appeal, failed to appear. Earlier that day, he had telephoned the judge's office to say that he was ready for trial but that other hearings in another venue would prevent his attendance at the pretrial conference.
In Insua's absence at the pretrial conference, World Wide moved to strike his pleadings and for default. The trial court granted the motion. World Wide then made a motion for summary judgment to dispose of both liability and damages. The motion was accompanied by affidavits and depositions. The trial court granted final summary judgment against Insua in the amount of $1,588,829.76, which included treble damages, prejudgment interest, and attorney's fees.
Florida Rule of Civil Procedure 1.200(c) authorizes a trial court to "dismiss the action, strike the pleadings, limit proof or witnesses or take any other appropriate action" upon failure of a party to attend a pretrial conference. This court has previously stated that when a party fails to comply with a pretrial order "the sanction imposed must be commensurate with the offense." Travelers Insurance Company v. Rodriguez, 357 So.2d 464, 465 (Fla. 2d DCA 1978). In Hart v. Weaver, 364 So.2d 524, 525 (Fla. 2d DCA 1978), we stated:
The imposition of the most severe sanctions contemplated by the rules should be reserved for those occasions where the violation is flagrant, persistent or willful or otherwise aggravated. There are many alternatives available to the trial court in securing proper respect for and compliance with its orders; i.e., imposition of costs or attorney's fees or other demonstrable damages to the opposite party.
The record is devoid of any evidence that World-Wide suffered prejudice, that Insua disregarded any other court order during the progress of this case, or that the violation was flagrant, persistent, willful, or otherwise aggravated. See Masons Concrete of Crystal River, Inc. v. Corbin Well Pump & Supply, Inc., 364 So.2d 824 (Fla. 2d DCA 1978). We therefore conclude that the most severe sanction was not required to secure proper respect for and compliance with the court's order.
Upon remand, if the trial court again intends to impose sanctions, Insua should *104 be given notice and an opportunity to appear before the trial court to explain the violation or present any evidence in mitigation. See Kuechenberg v. Creative Interiors, Inc., 424 So.2d 145 (Fla. 4th DCA 1983); Owens-Illinois, Inc. v. Lewis, 260 So.2d 221 (Fla. 1st DCA 1972).
Accordingly, the summary judgment is reversed and the cause remanded for further proceedings consistent with this opinion.
Reversed and remanded.
HALL, A.C.J., and ALTENBERND, J., concur.