613 So.2d 1329 (1992)
Karen CARAZO, Michael Zapetis, and First International Finance Corp., Appellants,
v.
STATUS SHIPPING, LTD., and Vincent Disimone, Appellees.
No. 92-02281.
District Court of Appeal of Florida, Second District.
December 4, 1992.
Rehearing Denied March 3, 1993.
Diane M. Trainor, Coral Gables, for appellants.
No appearance for appellees.
PER CURIAM.
The appellants, Karen Carazo, Michael Zapetis, and First International Finance Corp., challenge the trial court's order refusing to set aside a default entered against them. We reverse.
The appellees, Status Shipping, Ltd. and Vincent Disimone, filed an action alleging that appellants failed to pay a promissory note when due. In response, the appellants filed a timely motion to dismiss for failure to state a cause of action and lack of personal jurisdiction. The appellees subsequently filed an amended complaint to include a count for replevin. Again, the appellants filed a timely motion to dismiss the amended complaint based on lack of subject matter jurisdiction, lack of personal jurisdiction, failure to state a cause of action, and the appellees' lack of legal capacity to bring an action in the state of Florida.
On February 18, 1992, the appellants' counsel failed to appear at the case management conference scheduled by the trial court. As a result, the trial court entered an order on March 3, 1992, striking the appellants' motion to dismiss the amended complaint and ordering the appellants to file an answer to the amended complaint within ten days of the order. The order provided that if an answer was not filed in ten days, a default would be entered against the appellants. The appellants immediately retained new counsel, who, rather than filing an answer as ordered by the trial court, filed a second motion to dismiss the amended complaint on March 13, 1992, within the ten day period. Based on the trial court's order of March 3, 1992, the appellees filed a motion for default on April 14, 1992, which was granted without a hearing on April 29, 1992.
*1330 Unaware that the court had already entered a default, the appellants filed a response to the motion for default on May 5, 1992, asserting that the filing of the second motion to dismiss was necessary to preserve the appellants' objections to the amended complaint. The motion to dismiss did raise legitimate issues and was not filed for the purpose of delay. The trial court construed the response as a motion to set aside the default and denied the same. This timely appeal followed.
We find that the facts of this case do not warrant the extreme sanction of a default. While Florida Rule of Civil Procedure 1.200 permits the court, on failure of a party to attend a case management or pretrial conference, to dismiss the action, strike the pleadings, limit proof or witnesses, or take any other appropriate action, the sanction imposed must be commensurate with the offense. Travelers Ins. Co. v. Rodriguez, 357 So.2d 464 (Fla. 2d DCA 1978). In this case, counsel's failure to attend the case management conference did not warrant striking the appellants' motion to dismiss. See Paris Int'l Records & Filmworkers, Inc. v. Rodriguez, 539 So.2d 5 (Fla. 3d DCA 1989); Aller v. Editorial Planeta, S.A., 389 So.2d 321 (Fla. 3d DCA 1980). Likewise, the new counsel's decision to file a motion to dismiss in violation of the court's order rather than requesting leave to do so did not warrant the extreme sanction of a default. Although we do not condone the attorneys' behavior in these instances, their actions or inactions should not serve to punish the litigants so severely given the facts of this case. See Beasley v. Girten, 61 So.2d 179 (Fla. 1952).
In the order refusing to set aside the default, the trial court stated that the appellants' motions were not set for hearing, no one appeared for appellants at the case management conference, and an answer was not filed within the time period ordered by the court. The trial court also noted that appellants changed attorneys. It appears that neither the appellants nor their attorneys were given the opportunity to respond to the violations before sanctions were imposed. Based on the record before us, there is no showing of a flagrant, persistent, willful, or otherwise aggravated violation, and therefore, the severe sanction of default is not warranted in this case. See Insua v. World Wide Air, Inc., 582 So.2d 102 (Fla. 2d DCA 1991). We, accordingly, find that the trial court abused its discretion. We reverse the order refusing to set aside the default and remand with instructions for the trial court to reinstate the appellants' second motion to dismiss the amended complaint.
Reversed and remanded.
RYDER, A.C.J., and SCHOONOVER and ALTENBERND, JJ., concur.