DANAHY, Acting Chief Judge.
The appellant challenges a final judgment of foreclosure because it was entered after the trial court struck the appellant’s pleadings and entered a default against him. The action of the trial court was taken because the appellant failed to attend a status conference, either in person or by counsel. We reverse.
When the appellant’s prior attorney filed a motion to withdraw as counsel for the appellant, the trial court entered an order granting that motion. The order was titled “Order Allowing Withdrawal.” In addition to allowing withdrawal of the appellant’s counsel, the order set a status conference. The order recites that a conformed copy was sent to the appellant personally. When the appellant failed to appear, the trial court struck the appellant’s pleadings without prior notice to the appellant and subsequently entered a final judgment of foreclosure.
The facts of this case are very similar to the facts considered by this court in Insua v. World Wide Air, Inc., 582 So.2d 102 (Fla. 2d DCA 1991). There this court recognized that Florida Rule of Civil Procedure 1.200(c) authorizes a trial court to impose sanctions upon a party for failure to attend a pretrial conference. Such sanctions include the striking of pleadings. In Insua, this court repeated its previous statement that when a party fails to comply with a pretrial order, the sanction imposed must be commensurate with the offense. The rule followed by this court is that the imposition of the most severe sanctions contemplated by the rules should be reserved for those occasions where the violation is flagrant, persistent, willful or otherwise aggravated. We have pointed out that there are many alternatives available to the trial court in securing proper respect for and compliance with its orders, short of imposing the most severe sanctions.
As in Insua the record in this case is devoid of any evidence that the appellees suffered prejudice, that the appellant disre *154 garded any other court order during the progx’ess of this case, or that the failure to obey the order setting a status conference was in any way aggravated.
As in Insua, we conclude that the most severe sanction was not required in this case to secure proper respect for and compliance with the trial court’s order.
Upon remand, if the trial court again intends to impose sanctions, the appellant should be given notice and an opportunity to appear before the trial court to explain the violation or present any evidence in mitigation.
The final judgment of foreclosure is reversed and the cause remanded for further proceedings consistent with this opinion.
Reversed and remanded.
HALL and QUINCE, JJ., concur.