PER CURIAM.
Willie E. Clark appeals an order dismissing his pro se complaint against Donald and *1107 Janice Sturks because he failed to attend a ease management conference. We reverse.
When this action was filed in April 1992, Mr. Clark was imprisoned in Pinellas County.[1] His complaint alleged that the Sturks converted his property. In their answer, the Sturks denied any conversion and alleged that they were authorized to make decisions about Mr. Clark’s property under a power of attorney that he had signed.
On April 5,1993, the trial court entered an order scheduling a case management conference for May 6 at the Hillsborough County Courthouse. Mr. Clark responded on April 19 by filing a motion requesting an order of transport. He explained that he wished to attend the conference but that his incarceration prohibited it. Mr. Clark also sent a polite letter to the trial judge explaining his predicament. The trial court did not rule on Mr. Clark’s motion, but dismissed the complaint pursuant to Florida Rule of Civil Procedure 1.200(c) when Mr. Clark failed to appear at the conference.
Although a trial court has discretionary authority to sanction a party for failure to attend a case management conference, the sanction must be commensurate with the offense. Carazo v. Status Shipping, Ltd., 613 So.2d 1329 (Fla. 2d DCA 1992); Insua v. World Wide Air, Inc., 582 So.2d 102 (Fla. 2d DCA 1991); Travelers Ins. Co. v. Rodriguez, 357 So.2d 464 (Fla. 2d DCA 1978). There is no evidence in this record that he has willfully violated the ease management order. The trial court’s order of dismissal did not contain a finding of any violation that was flagrant, persistent, willful, or otherwise aggravated. See Carazo, 613 So.2d at 1330. Cf. Zeigler v. Huston, 626 So.2d 1046 (Fla. 4th DCA 1993) (requiring an express finding in order of dismissal). Accordingly, we conclude that the trial court abused its discretion by dismissing Mr. Clark’s action. The order of dismissal is reversed and the cause remanded for further proceedings consistent with this opinion.
Reversed and remanded.
DANAHY, A.C.J., and ALTENBERND and FULMER, JJ., concur.

. This court upheld Mr. Clark's convictions for conspiracy, racketeering, and grand theft. He is currently serving his sentences for these offenses. See Clark v. State, 645 So.2d 575 (Fla. 2d DCA 1994), review denied, 652 So.2d 816 (Fla.1995).