SCHOONOVER, Judge,
dissenting.
Because I would reverse and remand for further proceedings rather than affirm, I respectfully dissent.
*785 This action arose out of an automobile accident which occurred in Tampa, Florida, on May 29, 1992. The appellants, Renardo Jenkins, the owner and driver of one of the automobiles, and his two passengers, Almeta Molphus and Tonya Culbreath, claimed that they sustained injuries as a result of the accident. The appellants filed personal injury protection claims with Mr. Jenkins’ insurer, the appellee, Nationwide Mutual Fire Insurance Company. When these claims were rejected, the appellants each filed an action against the appellee. These actions were subsequently consolidated by the trial court.
Although the record presented to us indicates that court ordered mediation resulted in signed agreements resolving the cases of appellants Renardo Jenkins and Tonya Cul-breath, this is evidently incorrect because the matter proceeded on a contested basis.
Both the appellants and the appellee filed motions for summary judgment. Nationwide contended that the appellants were not entitled to no-fault benefits under its policy. Nationwide’s motion alleged that Mr. Jenkins was a resident of North Carolina, the policy was issued in North Carolina, North Carolina does not require personal injury protection benefits or medical payment coverage, and Mr. Jenkins did not purchase no-fault benefits. A copy of the insurance policy was attached to the motion.
The appellants’ motion for summary judgment alleged that Renardo Jenkins at all material times was a permanent resident of Florida, had a Florida driver’s license, was in North Carolina due to military assignment, and that at the time the policy was purchased Mr. Jenkins told the agent he was a bona fide continuous resident of the state of Florida.
We were not furnished a copy of a transcript of the July 6, 1994, hearing held in connection with the parties’ motions for summary judgment. Transcripts of subsequent hearings, however, indicate that the parties agreed on what happened at that hearing, and that at the conclusion of the hearing the court did not rule on either motion, but directed the parties to obtain the deposition of Mr. Jenkins so that the question of residency could be determined. At a September 1994 case management conference, the court once again did not rule oh the motions and said the deposition of Mr. Jenkins must be taken.
The record next reflects that another case management conference was set for February 14, 1995. The appellants’ attorney did not appear at that conference but instead filed a request for a continuance and a doctor’s certificate stating that he was unavailable that day because of his health. The court did not continue the hearing but instead heard from Nationwide’s counsel and was presented an affidavit from a secretary stating that appellants’ attorney did not provide Mr. Jenkins’ address to Nationwide for approximately six months. At the conclusion of the hearing, the court granted Nationwide’s motion for summary judgment. The order granting the summary judgment was based upon a finding that the motion was pending resolution until such time as Mr. Jenkins could be produced for a deposition, that the court had been advised that despite attempts by Nationwide’s counsel to locate and depose Mr. Jenkins, Nationwide had not been able to do so, and that neither the appellants nor their counsel attended the case management conference. The appellants’ motion for rehearing was denied and they filed a timely notice of appeal from the final summary judgment.
First, just as in the case of Clark v. Sturks, 668 So.2d 1106 (Fla. 2d DCA 1996), there is no evidence in this record that the attorney willfully violated the case management order. Based upon the record before us, it is undisputed that the appellants’ attorney was ill and unable to attend the case management conference. In Clark we held that although a trial court has discretionary authority to sanction a party for failure to attend a case management conference, the sanction must be commensurate with the offense. Because the court’s order in Clark did not contain an express finding of any flagrant, persistent, willful, or otherwise aggravated violation, we held that the trial court abused its discretion by dismissing Clark’s action. See also Dave’s Aluminum Siding, Inc. v. C & M Ventures, 582 So.2d 147 (Fla. 3d DCA 1991). In this case, as in Clark, I would hold that the trial court abused its discretion in termi *786 nating the action by entering summary judgment against the appellants based upon their attomey’s failure to attend the case management conference. It should be noted that at the hearing on the appellants’ motion for rehearing, even Nationwide’s attorney informed the court that he would not argue that the summary judgment should be entered on that ground. Furthermore, based upon the record presented to us, I would find that the trial court erred by refusing to continue the hearing. Clark; Dave’s Aluminum Siding, Inc.; Carazo v. Status Shipping, Ltd., 613 So.2d 1329 (Fla. 2d DCA 1992).
Next, even if we assume that the trial court did not abuse its discretion by failing to continue the case management hearing, to the extent the summary judgment was granted as a sanction because Mr. Jenkins could not be located, I would still find that it erred in granting a summary judgment. At the hearing, Nationwide introduced an affidavit stating that the appellants’ attorney’s secretary on more than one occasion informed Nationwide’s secretary that they could not locate Mr. Jenkins. This affidavit was the only evidence made part of the record subsequent to the original hearing that resulted in the court reserving its ruling until Mr. Jenkins’ residency was established. If summary judgment was not proper before the affidavit was filed, it was not proper after it was filed. At a hearing on the appellants’ motion for rehearing, Nationwide’s attorney stated that he did not think the affidavit went to a disputed matter. The affidavit referred to a secretary’s conduct in attempting to set a deposition. The record does not reflect and Nationwide does not argue that it set a deposition and the appellants did not appear, or that it sought sanctions because Mr. Jenkins did not appear, or that Mr. Jenkins was intentionally avoiding a deposition. I, accordingly, would hold that to the extent the court entered the summary judgment based upon the appellants not cooperating with them, the court erred.
Last, to the extent Mr. Jenkins’ residency was material to the determination of this matter, I would hold that the trial court properly denied both parties’ motions for summary judgment on the basis that a material issue of fact existed. If the court was correct in that ruling, for the reasons set forth above, I would reverse and remand for further proceedings, which of course would allow a further hearing on the summary judgment motions, but only after a duly noticed hearing which afforded due process to all concerned.
A motion for summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fla. R. Civ. P. 1.510(c). The burden is on the movant to demonstrate conclusively that the nonmoving party cannot prevail. Gomes v. Stevens, 548 So.2d 1163 (Fla. 2d DCA 1989). In this case, at the time the motions for summary judgment were initially heard, the record did not contain any answers to interrogatories, depositions and admissions, and the court only had the pleadings and policy information to consider. Although the record presented to us did not contain the appellants’ original claim forms, Nationwide included them, without objection, in its appendix. A review of this information, i.e. the pleadings, the policy, and the claim forms, leads me to the conclusion that a summary judgment was not proper, and the court properly reserved ruling on all motions.
Nationwide contends that Mr. Jenkins is a resident of the state of North Carolina, and the appellants contend that Mr. Jenkins is a resident of Florida. The record does not conclusively establish either parties’ contention. The appellants’ motion for summary judgment alleged that Renardo Jenkins was a permanent resident of the state of Florida, had a Florida driver’s license, was only in North Carolina due to a military assignment, and that at the time he purchased insurance he told the agent he was a bona fide continuous resident of the state of Florida.
Nationwide’s motion alleged the policy was issued in North Carolina and that Mr. Jenkins was a resident of North Carolina visiting in Florida at the time of the accident. Nationwide attached a copy of the policy to its *787 motion. Nationwide attached as part of the policy a declaration page which it claimed showed that Mr. Jenkins was not a resident of Florida. A review of the document, however, indicates that it was not issued at the time the policy was issued, but instead when the policy was reinstated shortly before the accident. The original declarations page is not attached to the policy nor included in the appendix. Nationwide also includes in its appendix a copy of the original claims that were filed with Nationwide. A review of Mr. Jenkins’ claim form does indicate a North Carolina address, but it also states that he has been a resident of Florida for nineteen years. Accordingly, the information furnished by Nationwide itself does not refute the appellants’ contention that Mr. Jenkins was a resident of Florida, had a Florida driver’s license, and had told his agent that he was a resident of Florida when he purchased his policy. Residency was not established as a matter of law and the trial court, accordingly, was correct by not granting either side a summary judgment as long as it felt residency was a material issue.
Since the trial court properly reserved ruling on the parties’ motions for summary judgment because a genuine issue of material fact existed, and because the appellants did nothing to deserve sanctions, I would reverse and remand so that the parties could have a properly noticed hearing on their motions for summary judgment and, if necessary, a trial on the merits. I, accordingly, dissent from the majority decision.