694 So.2d 822 (1997)
Walter H.C. DRAKEFORD, Appellant,
v.
BARNETT BANK OF TAMPA f/k/a First National Bank of Florida/First Florida Bank, Appellee.
No. 96-03198.
District Court of Appeal of Florida, Second District.
May 21, 1997.
Rehearing Denied June 12, 1997.
*823 Leo H. Meirose, Jr. of Meirose & Friscia, P.A., Tampa, for Appellant.
Michael S. Taylor and Ronald B. Cohn of Cohn, Cohn & Singer, P.A., Tampa, for Appellee.
PER CURIAM.
The appellant, Walter H.C. Drakeford, challenges an order dismissing his complaint with prejudice after he did not appear for a scheduled case management conference. We reverse because the trial court did not have cause to dismiss appellant's case without affording him an opportunity to amend.
Appellant filed a pro se complaint against Barnett Bank of Tampa (Barnett) and First National Bank of Florida/First Florida Bank (First Florida). We note at the outset of this decision that the complaint suffers from numerous pleading defects. For the most part, the allegations in the complaint are conclusory and do not articulate in sufficient detail the facts surrounding appellant's claims. Furthermore, most of the attachments to the complaint are photocopies of unexecuted loan documents. It appears from the allegations and attachments in the complaint that appellant borrowed money from First Florida in April 1987. According to a draft promissory note, the final payment on the loan was due in April 1990. The loan was secured by a second mortgage on real property and a security interest in two vehicles. The terms of a draft security agreement required appellant to insure the vehicles against damage and theft. Pursuant to that security agreement, First Florida was to receive the insurance proceeds payable in the event of any loss to the vehicles.
The complaint alleges that one of the vehicles securing the loan was stolen and Barnett, First Florida's successor, retained the insurance proceeds in February 1993. Count I alleges an action for conversion of the *824 insurance proceeds. The complaint further alleges that Barnett wrongfully retained possession of the title to one of the vehicles, despite appellant's payment to Barnett to secure possession of the title. Count II alleges an action for replevin of the title to the vehicle.
On August 14, 1995, Barnett filed a motion to dismiss arguing that it was legally entitled to the insurance proceeds. Further, Barnett asserted that appellant failed to sufficiently plead a cause of action for conversion, and that appellant failed to attach the insurance policy, as well as fully-executed copies of the loan documents. Regarding the cause of action for replevin, Barnett argued that appellant failed to plead satisfaction of the loan or sufficient facts to establish an agreement to return the title.
On May 23, 1996, the trial court furnished an order scheduling a case management conference. Appellant did not appear at the case management conference. The trial court dismissed appellant's complaint with prejudice on June 25, 1996. The order of dismissal stated: "The Court, having reviewed the pleadings and Motion [to Dismiss], and the Plaintiff failing to appear in violation of the Court's order, and being otherwise fully advised as to the premises, it is ADJUDGED that the Motion to Dismiss is hereby granted and the above styled action is dismissed, with prejudice."
On appeal, the parties' central dispute is whether the trial court dismissed the action for failure to appear at the case management conference or pursuant to the arguments made in the motion to dismiss. Under either interpretation of the order of dismissal, we conclude that the trial court erred in dismissing appellant's causes of action without affording him an opportunity to amend the complaint.
First, to the extent the trial court's ruling was based on appellant's failure to appear at the conference, a dismissal with prejudice was not warranted. Although a trial court has discretion to sanction a party for failure to attend a case management conference pursuant to Florida Rule of Civil Procedure 1.200(c), the sanction must be commensurate with the offense. See Clark v. Sturks, 668 So.2d 1106, 1107 (Fla. 2d DCA 1996); Carazo v. Status Shipping, Ltd., 613 So.2d 1329, 1330 (Fla. 2d DCA 1992); Insua v. World Wide Air, Inc., 582 So.2d 102, 103 (Fla. 2d DCA 1991). The striking of a party's pleadings resulting in a dismissal or a default is the most severe sanction and it should be used "sparingly and reserved to those instances where the conduct is flagrant, willful or persistent." Kelley v. Schmidt, 613 So.2d 918, 919 (Fla. 5th DCA 1993). Moreover, a trial court's order dismissing a cause of action for failure to attend a case management conference must contain findings that the party's actions were flagrant, willful, persistent, or otherwise aggravated. See Clark, 668 So.2d at 1107; see also Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So.2d 1271 (Fla.1990) (requiring finding of willful or deliberate disregard of discovery order before trial court may impose sanction of dismissal or default). In the instant case, failure to attend the case management conference did not warrant the sanction of dismissal with prejudice.
Second, if the trial court relied on the arguments in the motion to dismiss, we conclude that the trial court should have dismissed the complaint without prejudice. It is well settled that a complaint should not be dismissed with prejudice if it supports a cause of action on any ground. See Dionne v. Columbus Mills, Inc., 311 So.2d 681, 683 (Fla. 2d DCA 1975). Dismissal of a complaint with prejudice is a severe sanction which should only be granted when the pleader has failed to state a cause of action and it conclusively appears that there is no possible way to amend the complaint in order to state a cause of action. See Madison County v. Foxx, 636 So.2d 39, 51 (Fla. 1st DCA 1994). Leave to amend a complaint should not be denied unless the privilege to amend has been abused or the complaint is clearly not amendable. See Highlands County School Board v. K.D. Hedin Constr., Inc., 382 So.2d 90, 91 (Fla. 2d DCA 1980). Where it appears from a conclusory allegation that a cause of action can be stated and the complaint cured by amendment, a trial court should not dismiss with prejudice. See Mathieson v. General Motors Corp., 529 So.2d 761, 762 (Fla. 3d DCA 1988). Moreover, a motion to dismiss a complaint for failure to state a cause of action does not *825 reach the defects of vague and ambiguous pleading. See Vienneau v. Metropolitan Life Ins. Co., 548 So.2d 856, 860 (Fla. 4th DCA 1989). Almost all of the points argued in the motion to dismiss are pleading defects. As such, the trial court should have dismissed the complaint with leave to amend.
The only argument in the motion that seeks dismissal for failure to state a cause of action is the argument that Barnett is legally entitled to the insurance proceeds. A security interest "continues in any identifiable proceeds" resulting from a sale, exchange, or other disposition of collateral. § 679.306(2), Fla. Stat. (1995). Insurance payable by reason of loss or damage to the collateral is included within the definition of "proceeds." § 679.306(1), Fla. Stat. (1995). Such proceeds are payable to a secured party to the extent of its secured interest in the collateral. See Insurance Management Corp. v. Cable Servs. of Fla., Inc., 359 So.2d 572 (Fla. 2d DCA 1978); Beaver Crane Serv., Inc. v. National Surety Corp., 391 So.2d 224 (Fla. 3d DCA 1980). In the instant case, Barnett may not be entitled to the insurance proceeds. According to a draft promissory note attached to the complaint, the final payment on the loan was due in April 1990. There is no indication that appellant failed to satisfy the debt and eliminate Barnett's security interest in the collateral. Even if a party improperly labels a cause of action or fails to properly frame a cause of action, the complaint should not be dismissed in its entirety if it states facts sufficient to support some cause of action. See Xamnad, Inc. v. Patio Cafe, Inc., 486 So.2d 699, 700 (Fla. 4th DCA 1986).
Despite the inadequacy of the pleadings in the instant case, we cannot conclude from the facts in the complaint that appellant cannot state a cause of action. Accordingly, we reverse and remand with directions that the trial court enter a dismissal without prejudice.
PARKER, A.C.J., and ALTENBERND and LAZZARA, JJ., concur.