NORTHCUTT, Judge.
Ad Miller Associates and Mr. Miller challenge the circuit court’s refusal to set aside a default entered against them for their failure to file a pretrial statement and to attend a pretrial conference. We reverse.
This case was originally set for trial during the two-week period beginning June 3, 1997. The case was not reached on that trial docket, and on August 11, 1997, the court reset the trial for a five-week period beginning on March 3, 1998. The order setting trial required the parties to file a pretrial order by February 10, 1998, or, if the order was not filed, to appear at a pretrial conference on February 13,1998.
In January 1998, the defendants, Ad Miller and Mr. Miller, were in the process of changing counsel. The substitution of counsel was not actually executed until February 18, 1998, and the court’s order approving the substitution was not entered until March 3. Attorney Clement, who was counsel of record on February 10 and February 13, did not file a pretrial order or attend the conference. On February 23, 1998, the plaintiff, Ms. Glynn, served Ms. Clement with a motion for entry of default against the defendants and a notice of hearing on the motion for March 24, 1998. The defendants’ new counsel, Mr. Colgrove, failed to attend that motion hearing, which took place after he became counsel of record. The circuit court entered a default against Ad Miller and Mr. Miller, and refused to set it aside.
A default is the most serious sanction that can be imposed on a defendant. It should be reserved for occasions where the conduct supporting the sanction is flagrant, persistent, willful or otherwise aggravated. See Alvarez v. Alvarez, 638 So.2d 153 (Fla. 2d DCA 1994). While we do not condone counsels’ behavior, we hold that the court abused its discretion in entering a default against the defendants. As in Alvarez, the record here does not establish that Ms. Glynn suffered any prejudice from the defendants’ failure to file the pretrial order or attend the conference, that the defendants disregarded oth *800 er court orders or that their failure to obey the August 11, 1997 order was flagrant in any way.
Moreover, when a party fails to comply with a pretrial order, the sanctions must be commensurate with the offense. See id. at 153; Insua v. World Wide Air, Inc., 582 So.2d 102 (Fla. 2d DCA 1991). This case previously had been set for trial and continued. Before the initially scheduled trial, the defendants had filed a witness list. A more appropriate sanction for the defendants’ violation of the court’s order would have been to restrict them to the witnesses previously identified. We reverse the default and remand for further proceedings.
Reversed and remanded.
ALTENBERND, A.C.J., and BLUE, J., Concur.