DAVIS, Judge.
Bendary Fugnole challenges the trial court order dismissing with prejudice this negligence action, filed on behalf of his parents, Verdieu J. Demosthene and Olymbcia Meristin, arising out of an automobile accident. Because the trial court did not support the dismissal with the requisite findings pursuant to Drakeford v. Barnett Bank of Tampa, 694 So.2d 822, 824 (Fla. 2d DCA 1997), we reverse.
*1263 The automobile accident, which involved Fugnole’s parents and a Crumbly Bros., Inc., truck, allegedly occurred on May 21, 1996. Counsel of record for Fugnole’s parents, Gary Gossett, filed a complaint on May 17, 2000. In 2001, the case was abated because Gossett’s military service was activated. On September 15, 2003, the trial court entered an order setting the jury trial for March 22, 2004, and setting the pretrial conference for March 4, 2004, at 9 a.m. Copies of this order were sent to Gossett and to counsel for Crumbly Bros. On January 16, 2004, Gossett moved to withdraw as counsel of record. The trial court granted the motion on February 3, 2004, setting the case management conference for February 11, 2004, at 4 p.m. The court stated that if plaintiffs desired to have substitute counsel, they would be required to have same by the time of the February 11, 2004, case management conference; until substitute counsel entered an appearance, however, plaintiffs could be served at Bendary Fugnole’s post office box. Service of this order on Fugnole was certified. When Fugnole failed to appear at the March 4, 2004, pretrial conference, the trial court dismissed the case with prejudice.
The transcript of the March 4, 2004, pretrial conference reveals that Fugnole was not in attendance at that pretrial conference. However, the trial judge stated on the record that he recalled specifically advising Fugnole in person at the February 11, 2004, conference that'he was required to appear at the March 4, 2004, conference. We are unable to confirm the trial court’s recollection because the record on appeal does not contain a copy of the transcript of the February 11, 2004, case management conference. When Fug-nole failed to appear on March '4, 2004, as instructed, the court had the halls and courtrooms searched for him before he proceeded with the conference. After much discussion with counsel for Crumbly Bros., the court made the decision to dismiss the complaint because Fugnole was not in attendance despite having been told in person at the February 11, 2004, conference that he was required to attend the March 4, 2004, pretrial conference. Because the initial complaint had been filed only days before the statute of limitations ran, the trial court decided that the case should be dismissed with prejudice given the fact that it could not be refiled. Although Fugnole filed a motion for rehearing, the trial court never ruled on that motion.
Florida Rule of Civil Procedure 1.200(c) provides that if a party fails to attend a conference, either pretrial or case management, the court may “dismiss the action, strike the pleadings, limit proof or witnesses, or take any other appropriate action.” However, “the sanction must be commensurate with the offense.” Drakeford v. Barnett Bank of Tampa, 694 So.2d 822, 824 (Fla. 2d DCA 1997). Striking a party’s pleadings resulting in dismissal is the most severe sanction and is to be used sparingly. Id. To that end, “a trial court’s order dismissing a cause of action for failure to attend a case management conference must contain findings that the party’s actions were flagrant, willful, persistent, or otherwise aggravated.” Id. (citations omitted). The instant order contains no such findings, nor would the record before us support same. Fugnole and his parents did not abuse the court system by re peatedly and flagrantly disobeying court orders, nor did they otherwise abuse the system. See Crystal Lake Golf Course, Inc. v. Kalin, 252 So.2d 379 (Fla. 4th DCA 1971).
Having - concluded that the trial court • abused its discretion in dismissing the *1264 plaintiffs’ action without making the proper findings, we reverse.
Reversed.
STRINGER and KELLY, JJ„ Concur.