IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

CEOPHIA S. PERKINS,

      Appellant,

v.

JACKSONVILLE HOUSING
AUTHORITY,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-2300

_____/

Opinion filed October 20, 2015.

An appeal from the Circuit Court for Duval County.
Karen K. Cole, Judge.

Ceophia S. Perkins, pro se, Appellant.

Wendy L. Mummaw, Assistant General Counsel, Jacksonville, for Appellee.

PER CURIAM.

      Ceophia Perkins appeals an order dismissing, without prejudice, her complaint for breach of contract and negligence against the Jacksonville Housing Authority. The trial court dismissed Perkins' complaint as a sanction for failing to appear for a case management conference on April 30, 2015.

Florida Rule of Civil Procedure 1.200(c) provides that if a party fails to attend a scheduled case management conference after reasonable notice, "the court may dismiss the action, strike the pleadings, limit proof or witnesses, or take any other appropriate action." Because dismissal of an action is "the harshest of all sanctions," see *Dedmon v. Kelly*, 60 So. 3d 585, 587 (Fla. 4th DCA 2011), the court must explicitly find the party's actions were willful, flagrant, deliberate, or otherwise aggravated. *See Greenhill v. Shands Teaching Hosp. & Clinics, Inc.*, 834 So. 2d 896, 896 (Fla. 1st DCA 2002); *accord Dedmon*, 60 So. 3d at 587; *Fugnole v. Crumbly Bros., Inc.*, 899 So. 2d 1262, 1263 (Fla. 2d DCA 2005). A dismissal order that does not contain such a finding must be reversed. *See Greenhill*, 834 So. 2d at 896 (citing *Commonwealth Fed. Savings & Loan Ass'n v. Tubero*, 569 So. 2d 1271 (Fla. 1990)). The order dismissing Perkins' complaint lacks the requisite finding; for that reason, we reverse the order and remand the case to the trial court.

REVERSED and REMANDED.


ROBERTS, C.J., MARSTILLER, and MAKAR, JJ., CONCUR.