IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

U.S. BANK NATIONAL ASSOCIATION,
ETC.,

      Appellant,

v.                                  Case No. 5D15-2928

MICHAEL W. MARTINEZ,
ET AL.,

      Appellees.

_____/

Opinion filed April 1, 2016

Non-Final Appeal from the
Circuit Court for St. Johns
County,
John M. Alexander, Judge.

Nancy M. Wallace, of Akerman LLP,
Tallahassee, William P. Heller, of Akerman
LLP, Fort Lauderdale, and Eric M. Levine,
of Akerman LLP, West Palm Beach, for
Appellant.

Allyson B. Currie, of Upchurch, Bailey
and Upchurch, P.A., St. Augustine, for
Appellee Judas M. Riley-Martinez.

No Appearance for remaining Appellees.

EVANDER, J.

      U.S. Bank National Association, etc. ("the Bank"), appeals the trial court's denial

of its motion to set aside an order dismissing its foreclosure action. The trial court

dismissed the Bank's action because of the failure of its counsel to appear at a case management conference. In its motion to set aside the dismissal, the Bank asserted that counsel's failure to appear was because either the notice for the case management conference had not been received or, alternatively, the notice had not been calendared. A supporting affidavit was attached to the motion. The Bank's motion was denied without an evidentiary hearing. We reverse.

Florida Rule of Civil Procedure 1.200(c) provides that if a party fails to attend either a pretrial or case management conference, the court may "dismiss the action, strike the pleadings, limit proof or witnesses, or take any other appropriate action." However, the sanction must be commensurate with the offense. *Drakeford v. Barnett Bank of Tampa*, 694 So. 2d 822, 824 (Fla. 2d DCA 1997). Because dismissal of an action is "the harshest of all sanctions," the trial court must explicitly find that the party's actions were willful, flagrant, deliberate, or otherwise aggravated. *Perkins v. Jacksonville Hous. Auth.*, 175 So. 3d 948 (Fla. 1st DCA 2015); *see also Petersen & Hawthorne, P.A. v. EMI Enters., Inc.*, 115 So. 3d 1064, 1064-65 (Fla. 4th DCA 2013); *Fugnole v. Crumbly Bros., Inc.*, 899 So. 2d 1262, 1263 (Fla. 2d DCA 2005). In the instant case, no such findings were made. Additionally, the Bank's motion set forth prima facie grounds to set aside the dismissal. *See Ocwen Loan Servicing, LLC v. Brogdon*, 41 Fla. L. Weekly D336, D337 (Fla. 5th DCA Feb. 5, 2016) (reversing trial court's dismissal of foreclosure complaint without prejudice, where counsel's failure to appear at hearing due to inadvertent secretarial error amounted to excusable neglect under Florida Rule of Civil Procedure 1.540(b)). Accordingly, it was error for the trial court to summarily deny the Bank's motion.

REVERSED and REMANDED.

ORFINGER and COHEN, JJ., concur.