# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1867

_____

PIPELINE CONSTRUCTORS, INC.,

    Appellant,

    v.

THE TRANSITION HOUSE, INC., a
Florida Corporation,

    Appellee.

_____

On appeal from the Circuit Court for Bradford County.
Stanley H. Griffis, III, Judge.

October 18, 2018

BILBREY, J.

Appellant Pipeline Constructors, Inc., the plaintiff at the trial level, appeals the order dismissing the case for Pipeline's failure to appear at the initial case management conference set pursuant to rule 1.200(a), Florida Rules of Civil Procedure, and the order denying relief from the order of dismissal, pursuant to rule 1.540(b), Florida Rules of Civil Procedure. We agree that dismissal was improper and that relief should have been granted as to the order of dismissal. We therefore reverse and remand.

Pipeline, a subcontractor, filed a claim of lien on April 6, 2016, in the Official Records of Bradford County. The owner of the real property, The Transition House, Inc., filed its notice of

contest of lien and served the notice upon Pipeline by certified mail on November 2, 2016. The notice of contest shortened the time limit for Pipeline to file an action to enforce its lien to 60 days, in this case expiring on January 2, 2017. *See* § 713.22(2), Fla. Stat. Pipeline met the deadline by filing its complaint against Transition House to enforce the lien, and for unjust enrichment, in the circuit court on December 27, 2016. *See* §§ 85.011, 713.06, Fla. Stat.

Although Transition House had not yet been served with process, the trial judge, by order entered March 9, 2017, ordered a case management conference pursuant to rule 1.200(a).[1] The court set the conference for April 10, 2017, and the order was served via email on one of Pipeline's attorneys. However, the order ended up in that attorney's email "clutter" or junk folder and was deleted without being seen. The order was apparently not served on the attorney's assistant or another attorney for Pipeline, both of whom were designated to receive service. *See* Fla. R. Jud. Admin. 2.516(b)(1)(A).

Upon the failure of Pipeline's counsel to appear at the case management conference on April 10, 2017, the trial judge entered an order on April 11, 2017, dismissing the cause "without prejudice." Pipeline moved to vacate the order of dismissal, under rule 1.540, Florida Rules of Civil Procedure, asserting that its failure to appear was due to mistake, inadvertence, and excusable neglect. The trial court denied Pipeline's motion to vacate on April 19, 2017, and here Pipeline appeals both orders. Although the order dismissing the action for failure to appear was "without prejudice," it has the effect of a final order and we thus have jurisdiction.[2]

---

[1] The record reflects that Pipeline's complaint was served on Transition House via substitute service on April 12, 2017. *See* Fla. R. Civ. P. 1.070(j) (summons must be served within 120 days of filing of initial pleading).

[2] An order dismissing a complaint "without prejudice" to amend is not ordinarily a final, appealable order. *Hinote v. Ford Motor Co.*, 958 So. 2d 1009, 1010 (Fla. 1st DCA 2007). However, "[a]n order that dismisses an action 'without prejudice' may or

The trial court judges of Florida undoubtedly carry a heavy workload. *See* Florida's Trial Courts Statistical Reference Guide FY 2016-17, http://www.flcourts.org/publications-reports-stats/statistics/trial-court-statistical-reference-guide.stml (last visited Sept. 27, 2018). Standards exist for timely disposition of cases and failure to meet those standards can result in reports to the chief justice. *See* Fla. R. Jud. Admin. 2.250. Canon 3B(8) of the Code of Judicial Conduct requires a judge to "dispose of all judicial matters promptly, efficiently, and fairly." It is therefore laudable that the trial judge here attempted to take control of the case from the start. But a case management conference under rule 1.200(a) can only be set "[a]t any time after responsive pleadings or motions are due."

We need not decide whether the trial judge could sanction Pipeline for not attending the case management conference set contrary to rule 1.200(a) because, even if sanctions had been available, the order dismissing the case for Pipeline's failure to attend the case management conference contained no findings that such failure was willful, flagrant, deliberate, or otherwise aggravated. *See Perkins v. Jacksonville Housing Auth.*, 175 So. 3d 948 (Fla. 1st DCA 2015); *U. S. Bank Nat. Ass'n v. Martinez*, 188 So. 3d 107 (Fla. 5th DCA 2016). The "sanction must be commensurate with the offense." *Id.* at 108. The order of

---

may not be a final order depending upon whether it unequivocally disposes of a case." *Id.* Dismissal of an action "without prejudice" to file another, separate action ends the judicial labor in the first action and is thus an appealable final order. *Delgado v. J. Byrons, Inc.*, 877 So. 2d 822, 823 (Fla. 4th DCA 2004); *Carlton v. Wal-Mart Stores, Inc.*, 621 So. 2d 451, 452 (Fla. 1st DCA 1993). Additionally, where the new action would be time-barred if refiled, dismissal without prejudice to file a new action operates as a dismissal *with* prejudice and is thus reviewable on appeal. *Martinez v. Collier Cnty. Pub. Sch.*, 804 So. 2d 559, 560 (Fla. 1st DCA 2002). A new action by Pipeline to enforce its lien would have to be time-barred as of January 2, 2017, by the 60-day limitation set out in section 713.22(2), Florida Statutes.

dismissal is therefore reversed and remanded for further proceedings

In *Emerald Coast Utilities Authority v. Bear Marcus Pointe, LLC*, we held that an attorney's "conscious decision to use a defective email system without any safeguards or oversight in order to save money" does not "constitute excusable neglect." 227 So. 3d 752, 757 (Fla. 1st DCA 2017). However, the basis for excusable neglect here consists of more than just an overactive spam filter. It was reasonable for Pipeline's attorney not to anticipate any orders from the court while there remained time for execution of service of process on Transition House. The fact that service of the order was apparently attempted on only one of the three people designated by Pipeline to receive service also shows an oversight by the trial court. Because Pipeline supported its motion to vacate the order with uncontroverted affidavits establishing facts to support its claim of mistake, inadvertence, surprise, or excusable neglect, the order denying relief under rule 1.540 is also reversed. *See Ocwen Loan Servicing, LLC v. Brogdon*, 185 So. 3d 627 (Fla. 5th DCA 2016); *Acosta v. Deutsche Bank Nat'l Trust Co.*, 88 So. 3d 415 (Fla. 4th DCA 2012).

REVERSED and REMANDED.

WOLF and KELSEY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

David L. Worthy and Christopher W. Lewis of Niesen, Price, Worthy, Campo, P.A., Gainesville, for Appellant.

Joseph R. Fitos and Joshua A. Bachman of GrayRobinson, P.A., Orlando, for Appellee.