# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

————————————————

Case No. 5D23-2441
LT Case No. 2019-CA-000200

————————————————

DANITY LITTLE, as Trustee of the
Danity M. Little Declaration of
Trust dated June 1, 2005 and
DANITY LITTLE,

    Appellants,

    v.

MARK TURNBOW and CONNIE
GRZEMBSKI,

    Appellees.

————————————————

On Appeal from the Circuit Court for Flagler County.
Christopher France, Judge.

Douglas N. Burnett and Shaun C. Saliba, of St. Johns Law
Group, St. Augustine, for Appellants.

Ronald A. Hertel, of Hertel Legal PLLC, Ormond Beach, for
Appellees.

February 9, 2024

LAMBERT, J.

    Appellants, who were the plaintiffs below, appeal the trial
court's order denying their Florida Rule of Civil Procedure

1.540(b)(1) verified motion to vacate the order previously entered dismissing the case. For the following reasons, we reverse this order and direct that the final order of dismissal be vacated.

The underlying case was dismissed by unelaborated order as a result of Appellants' counsel not attending a scheduled case management conference. The next day, Appellants' counsel filed the aforementioned motion under rule 1.540(b)(1) to vacate the dismissal order. This rule, which has historically been liberally construed in favor of deciding cases on the merits, *J.J.K. Int'l, Inc. v. Shivbaran*, 985 So. 2d 66, 68–69 (Fla. 4th DCA 2008),[1] provides, in pertinent part, that a court may relieve a party from a final judgment, decree, or order based upon mistake, inadvertence, surprise, or excusable neglect.

Counsel's motion explained, in some detail, that his failure to attend the case management conference was due to a clerical error on his calendar committed by his assistant. The assistant mistakenly believed that the case management conference had been cancelled once Appellants filed a response within the time parameters of the trial court's notice of lack of prosecution issued under Florida Rule of Civil Procedure 1.420(e). As a result, the case management conference was not on counsel's calendar; and he did not attend the conference. Counsel averred in his motion that, to his knowledge, he had never missed a scheduled court hearing during his years of practicing law.

Notably, Appellees did not file a response to or submit evidence or affidavits in opposition to Appellants' motion, nor did they contest the factual allegations of clerical error set forth in Appellants' motion and affidavit. After a brief hearing, the trial court entered the order now under review, denying the motion without making any findings.

---

[1] *See also Fla. Aviation Acad., Dewkat Aviation, Inc. v. Charter Air Ctr., Inc.*, 449 So. 2d 350, 353 (Fla. 1st DCA 1984) ("Rule 1.540(b) is a rule providing for equitable relief which should be liberally construed.").

Our standard of review of a trial court's ruling on a rule 1.540(b) motion is abuse of discretion. *Ocwen Loan Servicing, LLC v. Brogdon*, 185 So. 3d 627, 629 (Fla. 5th DCA 2016) (citing *Wells Fargo Bank, N.A., v. Michaels*, 166 So. 3d 226, 227 (Fla. 5th DCA 2015)).

This court, as well as our sister courts, have consistently recognized that an attorney's inadvertent and unintentional failure to appear at a hearing due to a calendaring or clerical error is one of the common and well-established types of excusable neglect or mistake that warrants relief under rule 1.540(b). *See id.* at 629–30 (finding that the trial court abused its discretion by not vacating its order dismissing the case when the appellants' attorney failed to appear at a case management conference due to an inadvertent mishandling by the law firm's clerk in not placing in counsel's mailbox a copy of the order setting the conference); *Pipeline Constructors, Inc. v. Transition House, Inc.*, 257 So. 3d 606, 608–09 (Fla. 1st DCA 2018) (reversing order denying the appellant's rule 1.540(b) motion to vacate dismissal order entered as a result of the attorney's non-attendance at a case management conference where the uncontroverted affidavits established that counsel's failure to attend was due to mistake, inadvertence, or excusable neglect involving an email junk folder); *Shivbaran*, 985 So. 2d at 68–69 (concluding that trial court abused its discretion in denying the appellants' rule 1.540(b)(1) motion to set aside a final order dismissing the complaint when the attorney's failure to appear at a specially set hearing was due to an innocent secretarial error of marking the hearing as "CANCELLED" on the attorney's calendar); *State of Fla. Dep't of Envtl. Reg. v. Chemairspray Inc.*, 520 So. 2d 96, 96, 98 (Fla. 4th DCA 1988) ("We conclude that the lower court abused its discretion in failing to set aside its dismissal of DER's complaint, where its findings of dilatory tactics are not supported in the available record and the sworn affidavits submitted by DER [explaining counsel's unavoidable failure to attend the case management conference] were unopposed.").

To be clear, consequences can result from an attorney's failure to attend a court-ordered case management conference. Under Florida Rule of Civil Procedure 1.200(c), a trial court may, among other things, dismiss an action when a party fails to attend the case management conference. However, because dismissal is

3

recognized as "the harshest of all sanctions," a trial court, in dismissing the action, "must explicitly find that the party's actions were willful, flagrant, deliberate, or otherwise aggravated." *U.S. Bank Nat'l Ass'n v. Martinez*, 188 So. 3d 107, 108 (Fla. 2010) (quoting *Perkins v. Jacksonville Hous. Auth.*, 175 So. 3d 948, 948 (Fla. 1st DCA 2015)).

The final order of dismissal in the instant case contained no such findings. In fact, the unchallenged and uncontroverted evidence before the trial court at the hearing held on the rule 1.540(b) motion to vacate this dismissal order showed that counsel's failure to attend the case management conference was neither willful, flagrant, deliberate, nor otherwise aggravated; rather, it was due to a clerical or calendaring error or mistake, similar to those described in the case law previously cited, where the trial courts' denials of rule 1.540(b) motions were reversed. Under these circumstances, we conclude that the trial court abused its discretion in denying Appellants' rule 1.540(b) motion to vacate the dismissal order.

Accordingly, the order denying Appellants' motion to vacate is reversed; and we remand with instructions to the trial court to also vacate its final order of dismissal.

REVERSED and REMANDED, with instructions.

EDWARDS, C.J., and MACIVER, J., concur.

—————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

—————————————