# Third District Court of Appeal

## State of Florida

Opinion filed April 16, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0714
Lower Tribunal No. 19-27-P
_____

**Catamaran, B.Y., Inc.,**
Appellant,

vs.

**Stephen Harrison,**
Appellee.

An Appeal from the County Court for Monroe County, Sharon I. Hamilton, Judge.

Janssen Siracusa, PLLC, and John M. Siracusa and Joseph W. Janssen, III, for appellant.

Hershoff, Lupino & Yagel, LLP, and Matthew O. Hutchinson, for appellee.

Before FERNANDEZ, LINDSEY and BOKOR, JJ.

PER CURIAM.

Catamaran B.Y., Inc. ("Catamaran") appeals a March 22, 2024 order denying its motion for reconsideration of the trial court's November 15, 2023 order, which denied Catamaran's motion for award of attorney's fees and costs. Because part of the underlying motion for reconsideration seeks relief[1] from the attorney's fee judgment for lack of proper service, we treat the motion for reconsideration as a motion for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540. We have jurisdiction.[2] See Fla. R. App. P. 9.130(a)(5) (providing for appellate review of "[o]rders entered on an authorized and timely motion for relief from judgment"). Finding the service requirements of Florida Rule of General Practice and Judicial Administration 2.516(b)(1)(A) were not met, we are constrained to reverse on due process grounds.

---

[1] Catamaran requests the order be "properly serve[d]" and states that the failure to properly serve the order "denies [it] due process."

[2] Catamaran's motion for reconsideration also sought rehearing. However, because the motion was not filed within fifteen days of the November fee judgment, we lack jurisdiction to review the merits of the fee judgment. See Fla. R. Civ. P. 1.530(b) (providing a motion for rehearing "must be served not later than 15 days after . . . the date of filing of the judgment in a non-jury action"). We only have jurisdiction to review Catamaran's request for relief. See Parkhomchuck v. AIY, Inc., 338 So. 3d 397, 400 (Fla. 3d DCA 2022) ("[A] rule 1.540 motion is not an appropriate means of challenging the merits of the underlying judgment.").

## I. Factual Background

Following a contract dispute between Catamaran and Stephen Harrison, Harrison filed suit against Catamaran. John M. Siracusa, Esquire, and Joseph W. Janssen III, Esquire, of the law office of Janssen, Siracusa & Keegan PLLC, entered appearances on behalf of Catamaran and requested that "copies of all pleadings, motions, paper, correspondence and other communications for this case" be served on them both. They designated three email addresses for service, listing: (1) Siracusa's email as the primary email address, (2) Janssen's email as the secondary email address, and (3) an additional email address.

Following a bench trial, the trial court entered final judgment in favor of Catamaran and retained jurisdiction to award attorney's fees and costs. Thereafter, Catamaran filed a motion for attorney's fees and costs ("Fees Motion") based upon the parties' contract. While the Fees Motion was pending, Harrison appealed the final judgment in this Court (Case No. 3D2023-1586) ("Related Appeal").

After a hearing on the Fees Motion, on November 15, 2023, the trial court entered its order denying the Fees Motion.[3] Janssen's email address was the only email address listed on the fee order.[4]

Catamaran did not appeal the November fee order, nor did it timely file a motion for rehearing pursuant to Florida Rule of Civil Procedure 1.530. However, months after the time for appeal of the November fee order expired, Harrison voluntarily dismissed the Related Appeal. Then, in the Related Appeal, Catamaran filed a Motion for Prevailing Party Attorneys' fees, which requested appellate attorneys' fees and cited to both the relevant statute and the parties' contract. This Court granted the motion and remanded to the trial court to fix the amount.

Almost four months later, on March 12, 2024, Catamaran filed its "Motion for Reconsideration of the Order of November 15, 2023,"[5] arguing,

---

[3] The Related Appeal remained pending at this time.

[4] In contrast, the CC list on the final judgment lists all three of Catamaran's designated emails, namely the email addresses of Siracusa, Janssen, and the additional email address.

[5] Further complicating matters, that same day, Catamaran also filed a separate motion to fix attorney's fees and costs on remand. In this motion, Catamaran requests the trial court hold an evidentiary hearing to determine fees and costs through trial and the Related Appeal. The record does not reflect that the motion to fix attorney's fees and costs on remand was ever set for hearing, or that an order has been entered on this motion.

*inter alia*, that the order was never served on the designated primary email address for Catamaran's counsel, and the time for Catamaran to appeal the order had passed without Catamaran, "or its undersigned counsel [Siracusa], knowing the [o]rder had been issued." In support of its motion, Catamaran attached, a copy of the November fee order to its motion.

The motion for reconsideration was set for hearing. However, on March 22, 2024, the trial court cancelled the hearing and denied the motion for reconsideration in an unelaborated order. This appeal followed.

## II.     Standard of Review

"[T]his Court generally reviews an order denying a rule 1.540 motion for abuse of discretion " Brooks v. Brooks, 340 So. 3d 543, 545 (Fla. 3d DCA 2022).

## III.     Analysis

On appeal, Catamaran argues the trial court abused its discretion when it denied Catamaran's motion for reconsideration of the November fee order because the trial court failed to properly serve the order on Catamaran's counsel, which resulted in Catamaran being unable to timely appeal the order. Pursuant to Florida Rule of Civil Procedure 1.080(a), "all orders . . . must be served in conformity with the requirements of Florida Rule

of General Practice and Judicial Administration 2.516." Florida Rule of General Practice and Judicial Administration 2.516(b)(1)(A) provides:

> (A) Service on Attorneys. Unless excused pursuant to subdivision (b)(1)(B), upon appearing in a proceeding, an attorney must designate a primary e-mail address and may designate no more than two secondary e-mail addresses and is responsible for the accuracy of and changes to that attorney's own e-mail addresses maintained by the Portal or other e-Service system. **Thereafter, service must be directed to all designated e-mail addresses in that proceeding**. Every document filed or served by an attorney thereafter must include the primary e-mail address of that attorney and any secondary e-mail addresses. If an attorney does not designate any e-mail address for service, documents may be served on that attorney at the e-mail address on record with the Florida Bar.

(Emphasis added).

Here, Catamaran's counsel had designated three email addresses for service. Specifically, Catamaran designated: (1) a primary email address; (2) a secondary email address; and (3) an additional email address. Thus, because Catamaran designated three email addresses, service was required to be directed on all three addresses. See Fla. R. Gen. Prac. & Jud. Admin. 2.516(b)(2).

The face of the November fee order itself reflects that the trial court only served the secondary email address, failing to serve the primary email address and the additional email address. Because the order on its face does not establish that service was directed to all designated email addresses as

6

required by rule 2.516, we are constrained to reverse the trial court's denial of relief on due process grounds. See Fla. R. Gen. Prac. & Jud. Admin. 2.516(b)(2); see also Fla. R. Civ. P. 1.540(b) ("[T]he court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) that the judgment, decree, or order is void; or (5) that the judgment, decree, or order has been satisfied, released, or discharged, . . . or it is no longer equitable that the judgment, decree, or order should have prospective application."); Pipeline Constructors, Inc. v. Transition House, Inc., 257 So. 3d 606, 609 (Fla. 1st DCA 2018) (finding that "[t]he fact that service of the order was apparently attempted on only one of the three people designated by Pipeline to receive service . . . shows an oversight by the trial court" and reversing because Pipeline supported its motion to vacate). Because we reverse on the due process issue, we do not address the remaining issues raised on appeal.

Reversed and remanded.