PATTERSON, Judge,
dissenting.
I respectfully dissent. It appears that both parties thought they had effected a sale. Boat Mart had prepared and delivered two contracts to Carson. Carson had made a deposit, arranged financing at a local bank, and leased a storage facility for the boat. Boat Mart notified the Coast Guard (the boat was to be used for commercial transport of people) that it was selling the boat to Carson. The agreement, however, remained contingent on the boat passing a Coast Guard inspection which never occurred.
My difficulty with the majority’s decision is that this case was disposed of on summary judgment. In my view, factual issues as to the intent and state of mind of the parties preclude such a disposition. First, was there a binding written contract? Although Boat Mart had prepared and delivered two written contracts to Carson, which Boat Mart had signed, Carson did not sign either of them. Second, if no binding written contract existed, had the parties reached a meeting of the minds to constitute an enforceable oral contract? Last, is Carson’s failure to obtain the Coast Guard inspection a basis to conclude that there was, in fact, no final agreement? It appears that Boat Mart’s notification that the sale would not occur frustrated Carson’s performance on this point.
As this court stated in Wilson v. Woodward, 602 So.2d 547, 549 (Fla. 2d DCA 1992):
A motion for summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fla.R.Civ.P. 1.510(c). The burden, furthermore, is on the movant to demonstrate conclusively that the nonmoving party cannot prevail. Gomes v. Stevens, 548 So.2d 1168 (Fla. 2d DCA 1989). If the record reflects the existence of any genuine issue of material fact, or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment should not be granted. Gomes; Snyder v. Cheezem Dev. Corp., 373 So.2d 719 (Fla. 2d DCA 1979).
Applying this standard, I conclude that this case can only be properly disposed of by a trial on the merits. I would therefore reverse.