985 So.2d 66 (2008)
J.J.K. INTERNATIONAL, INC., Appellant,
v.
Deoanand SHIVBARAN and Nurelene Shhadat, jointly and severally, Appellees.
No. 4D07-1487.
District Court of Appeal of Florida, Fourth District.
June 25, 2008.
*67 Allison Grant and Eric C. Edison of Shapiro, Blasi, Wasserman & Gora, P.A., Boca Raton, for appellant.
Cary A. Lubetsky, Joseph J. Huss, and Monica Espino of Krinzman Huss & Lubetsky, Miami, for appellees.
POLEN, J.
Appellant J.J.K. International, Inc., appeals the trial court's denial of its amended motion for rehearing and/or motion to vacate order following the trial court's dismissal of J.J.K.'s complaint with prejudice. We hold that the trial court abused its discretion in dismissing J.J.K.'s complaint and reverse.
In March 2006, J.J.K. filed a complaint against Appellees, Deoanand Shivbaran and Nurelene Shhadat. J.J.K. was the builder/developer and owner of a residential townhouse development. J.J.K. executed and recorded a Declaration of Covenants, Easements and Restrictions for the development, one of which restricted the use and resale of the properties by prohibiting buyers from selling their lots for *68 more than 115% of the purchase price for two years after the lots were purchased. If a buyer sold his lot for more than 115% of the purchase price within this time frame, J.J.K. would have a right of repurchase for the original purchase amount. J.J.K.'s complaint alleged that Keith and Elsa Howard had purchased a lot and then sold it to Shivbaran and Shhadat for more than 115% of the original purchase price in violation of the Declaration.
Shivbaran and Shhadat filed a motion to dismiss asserting that J.J.K.'s only remedy was with the Howards and that the action should be dismissed for failure to join an indispensable party. A hearing was specially set for the motion. Due to a scheduling confusion at J.J.K.'s counsel's office, J.J.K.'s counsel believed the hearing had been cancelled and did not appear. Counsel's secretary had accidentally marked "CANCELLED" by the hearing on counsel's calendar when canceling other hearings and depositions scheduled for that day. Appellees' counsel called J.J.K.'s counsel's office a few minutes before the hearing to determine if anyone was going to show up. When J.J.K.'s counsel realized there had been a mistake, he called Appellees' counsel's cell phone but no one answered.
The trial court orally granted Appellees' motion to dismiss with prejudice. J.J.K. immediately filed a motion for rehearing or in the alternative to vacate the order pursuant to Rule 1.540 and attached affidavits of trial counsel and trial counsel's secretary explaining the scheduling confusion. The trial court denied the motion for rehearing. J.J.K. now appeals the denial of its motion and argues that the denial was an abuse of discretion. We agree and reverse.
A denial of a motion for rehearing is reviewed under the abuse of discretion standard. See Gibson Trust, Inc. v. Office of the Atty. Gen., 883 So.2d 379 (Fla. 4th DCA 2004). "Our standard of review of an order ruling on a motion for relief from judgment filed under Florida Rule of Civil Procedure 1.540(b) is whether there has been an abuse of the trial court's discretion." Snipes v. Chase Manhattan Mortg. Corp., 885 So.2d 899, 900 (Fla. 5th DCA 2004).
In reviewing a true discretionary act, the appellate court must fully recognize the superior vantage point of the trial judge and should apply the `reasonableness' test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness.
Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980). Rule 1.540 provides in relevant part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . ." Fla. R. Civ. P., Rule 1.540(b). Florida courts have long recognized that this rule should be liberally construed. Wilson v. Woodward, 602 So.2d 547, 549 (Fla. 2d DCA 1992); Fla. Aviation Acad., Dewkat Aviation, Inc. v. Charter Air Ctr., Inc., 449 So.2d 350, 353 (Fla. 1st DCA 1984).
We hold that the failure of J.J.K. and its counsel to appear for the special set hearing was a case of excusable neglect under rule 1.540(b). Fla. R. Civ. P. 1.540(b). In Wilson v. Woodward, the Second District Court of Appeal found excusable neglect where an attorney failed to appear at a *69 hearing because of secretarial error and reversed the trial court's denial of the attorney's motion for rehearing. 602 So.2d at 549. "In this case, the attorney presented uncontroverted evidence that he failed to appear at the hearing because of a mistake and not because of any willful and flagrant act." Id. Similarly, J.J.K.'s counsel produced affidavits showing that but for his secretary's mistake he would have appeared at the hearing.
The trial court's dismissal and subsequent denial of J.J.K.'s motion for rehearing also violates the Florida policy which states a preference for deciding a case on its merits rather than on a technicality. See Integrated Transaction Servs., Inc. v. Bahama Sun-n-Fun Travel, Inc., 766 So.2d 269, 271 (Fla. 4th DCA 2000); Venero v. Balbuena, 652 So.2d 1271, 1272 (Fla. 3d DCA 1995); Cinkat Transp., Inc. v. Md. Cas. Co., 596 So.2d 746 (Fla. 3d DCA 1992). Here, the technicality of J.J.K.'s counsel's failure to appear should not decide the entire case especially when the failure was due to innocent secretarial error.
Appellees argue that even if this was a secretarial mistake, J.J.K. erred in not following local rule 10A for specially set hearings. The rule provides, in relevant part: "Special set hearings may only be canceled by parties if an agreement on the merits has been reached and the parties have entered into a written stipulation, or with court approval." Circuit Court of the Seventeenth Judicial Circuit, Fla., Local Rule No. 10A (June 29, 2001). Appellees argue that J.J.K.'s counsel should have verified that this rule had been complied with when he noticed the hearing had been canceled on his calendar, and if he had sought verification, he would have known something was amiss. We are not convinced by this argument. Even if counsel did not initially comply with this local rule upon noticing the hearing was marked "cancelled," he immediately tried to contact opposing counsel by phone, and moved to correct the matter as soon as possible after learning of the dismissal.
Reversed and Remanded.
WARNER and TAYLOR, JJ., concur.