STEVENSON, J.
Anthony Acosta challenges an order denying, without an evidentiary hearing, his rule 1.540(b) motion for relief from a final summary judgment of foreclosure in favor of appellee, Deutsche Bank National Trust Company (“Bank”). Because appellant’s motion alleged a colorable entitlement to relief under rule 1.540(b) due to excusable neglect and showed the existence of meritorious defenses, we reverse and remand for a hearing on the motion.
In May of 2008, Bank filed a foreclosure suit concerning property in Broward County; Anthony Acosta was among the named defendants. In October of 2009, Acosta’s attorney, Charles Neustein, filed an unsigned motion to withdraw. The motion to withdraw was not ruled upon. Bank filed a motion for summary judgment on February 3, 2010. A notice of a February 25, 2010 hearing on the motion for summary judgment was served on February 1, 2010; the notice indicates it was served on Acosta through Attorney Neustein. On February 25, 2010, the trial court rendered a final summary judgment of foreclosure in favor of Bank. The judgment contains a certificate of service, indicating it was served on Acosta through Attorney Neustein.
On June 10, 2010, Acosta, through Attorney Neustein, filed a “Verified Motion to Set Aside Final Judgment of Foreclosure and Stay Foreclosure Sale.” The motion alleged the final judgment was entered after counsel inadvertently failed to attend the summary judgment hearing due to his paralegal’s failure to calendar the hearing; the motion is signed and “sworn to” by counsel and the paralegal. Counsel also asserted he did not receive a copy of the motion for summary judgment, the affidavit of Bank’s counsel in relation to the motion for summary judgment, or the notice of hearing on the motion for summary judgment. According to counsel, after the filing of his motion to withdraw, he did not receive any pleadings, responses to discovery, or orders or notices, with the exception of an amended affidavit by Bank’s counsel on February 18, 2010, and a motion to reschedule foreclosure sale. Neustein contended it was the motion to reschedule that provided him the first notice of the final judgment.
The record does not contain a written response to the 1.540(b) motion or a transcript of any hearing held on the motion. It appears the hearing was held during motion calendar and was non-evidentiary. The trial court denied the 1.540(b) motion without explanation.
Florida Rule of Civil Procedure 1.540(b) authorizes the trial court to relieve a party from a final judgment based *417 upon “mistake, inadvertence, surprise, or excusable neglect.” A trial court’s denial of 1.540(b) relief is reviewed for an abuse of discretion. See, e.g., SunTrust Bank v. Puleo, 76 So.3d 1037, 1039 (Fla. 4th DCA 2011). Despite the broad discretion reposed in the trial court, we find an abuse of discretion in the instant case and must reverse. Appellant’s claim that a failure to appear due to a calendaring or clerical error is the type of “excusable neglect” or “mistake” that warrants relief under rule 1.540(b) is well-supported in Florida law. See, e.g., J.J.K. Int’l, Inc. v. Shivbaran, 985 So.2d 66, 68-69 (Fla. 4th DCA 2008) (holding it was error to deny 1.540(b) motion seeking relief from order of dismissal entered after counsel failed to appear at hearing on motion to dismiss because secretary mistakenly marked hearing as “can-celled”); Wilson v. Woodward, 602 So.2d 547, 549 (Fla. 2d DCA 1992) (holding it was abuse of discretion to deny 1.540(b) relief from summary judgment after plaintiffs counsel failed to appear for hearing due to secretary’s failure to calendar). Here, the alleged calendaring error was supported by the verified motion, signed and sworn to, by both counsel and the paralegal that made the error. The appellant thus made a colorable claim which satisfied the excusable neglect prong for relief under rule 1.540(b).
Additionally, Florida law also requires that the party seeking relief under rule 1.540(b) demonstrate a meritorious defense. See America’s Yate de Costa Rica v. Armco Mfg., Inc., 82 So.3d 882, 885 (Fla. 4th DCA 2011). Appellant satisfied this requirement for relief as well. The verified motion alleged the existence of meritorious defenses, i.e., Bank’s failure to comply with the forbearance, mortgage modification and foreclosure prevention loan servicing requirements imposed by the National Housing Act, 12 U.S.C. § 1701x(c)(5); Bank’s failure to comply with all conditions precedent to acceleration of the note and mortgage; Bank’s failure to send, and appellant’s failure to receive, the notices that are a condition precedent to acceleration; and that appellant does not owe the amount sued for.
Accordingly, we reverse the order denying relief under rule 1.540(b). On remand, the court should conduct a limited eviden-tiary hearing on the motion so that Bank may have the opportunity to dispute the factual allegation of lack of notice made in support of the motion. See Chancey v. Chancey, 880 So.2d 1281, 1282 (Fla. 2d DCA 2004) (noting that, where rule 1.540(b) motion alleges a colorable entitlement to relief, court should conduct a limited evidentiary hearing on the motion).

Reversed and Remanded for further proceedings.

WARNER and CONNER, JJ„ concur.