WARNER, J.
Appellant challenges a final order dismissing her amended complaint against State Farm, her insurance company, with prejudice. The trial court granted State Farm’s motion to dismiss, which argued that the statute of limitations had expired on the action. Appellant had filed no written response to the motion and did not appear at the hearing. Although, in its order dismissing the complaint, the trial court noted that appellant’s attorney did not appear at the hearing, it did not enter a dismissal because of the non-appearance.[1] It granted the motion with preju *853 dice. Therefore, we conclude that the court ruled on the merits, and we affirm.
Appellant filed a motion for rehearing attempting to show excusable neglect for her counsel’s non-appearance, but the motion did not address the substance of the motion to dismiss or argue that the statute of limitations would not apply. See Acosta v. Deutsche Bank Nat’l Trust Co., 88 So.3d 415, 417 (Fla. 4th DCA 2012) (party seeking relief from judgment must demonstrate a meritorious defense). It also was not supported with counsel’s affidavit explaining the scheduling conflict that allegedly resulted in counsel’s nonappearance. Excusable neglect must be supported by sworn motions or affidavits. See DiSarrio v. Mills, 711 So.2d 1355, 1356-57 (Fla. 2d DCA 1998) (failure of attorney to attest, in sworn motion or testimony, to scheduling conflict resulted in insufficient evidence of excusable neglect). A paralegal’s affidavit was attached, but in that affidavit she simply relates that counsel told her that he had been overbooked. She did not state that she had done his scheduling. The trial court also knew that this was the second hearing at which counsel had failed to appear, the first resulting in the dismissal of appellant’s first complaint.
Even if there were excusable neglect in counsel’s failure to appear at the hearing, appellant’s arguments against the application of the statute of limitation, which she makes in her brief on appeal, were not preserved. See generally Aills v. Boemi, 29 So.3d 1105, 1108-10 (Fla.2010) (errors not raised in the trial court are not properly preserved for appeal); see also Vorbeck v. Betancourt, 107 So.3d 1142, 1148 (Fla. 3d DCA 2012) (affirming dismissal with prejudice because appellants had not argued below that dismissal should be without prejudice); Metro. Cas. Ins. Co. v. Tepper, 969 So.2d 403, 405 (Fla. 5th DCA 2007) (finding appellant waived argument made on appeal because it did not present the issue at the dismissal hearing or in its motion for rehearing). Without a meritorious substantive ground for setting aside the order of dismissal, properly raised in the trial court, appellant has failed to meet the standard for relief based upon excusable neglect.

Affirmed.

STEVENSON and GERBER, JJ., concur.

. In .her brief, the appellant interprets the handwritten language in the order as stating, "The court rules that the plaintiff's counsel failed to appear.” The order, instead, states, "the court notes that the plaintiff's counsel failed to appear.” This discrepancy is not determinative; however, we would caution *853 that writing should be completely legible for appellate review.