WALLIS, J.
Ocwen Loan Servicing, LLC (“Appellant”), appeals the trial court’s denial of its motion for relief from.an-order dismissing a foreclosure action without prejudice. Finding that the trial court abused its discretion by not vacating its order dismissing the case due to counsel’s excusable neglect, we reverse and remand for further proceedings.
In October 2006, Ralph Joe Brogdon executed an adjustable-rate note and mort *629 gage for $135,000. Brogdon defaulted by-failing to make the payment due June 1, 2009, and all subsequent payments. Brog-don passed away on March 27, 2010. In April 2010, GMAC Mortgage, LLC, filed a complaint to foreclose on the mortgage* and the trial court later substituted Appellant as party plaintiff. Appellant then filed a verified amended complaint, adding various defendants, including:, (1) Timber Brogdon; (2) Dawn Lee Staller, as guardian of Timber Brogdon and personal representative of Brogdon’s estate; and (3) all unknown persons who may claim an interest in Brogdon’s estate.[1]
On May 14, 2015, the trial court set a case management conference for June 3, 2015, and a non-jury trial for June 29, 2015. Wheh Appellant’s counsel failed to appear at the case management conference, ' the trial court dismissed- the cáse without prejudice. Shortly thereafter, Appellant filed a verified motion for relief from the dismissal order under Florida Rule of Civil Procedure 1.540(b)(1). Appellant’s counsel explained that, due to an inadvertent mishandling by the firm’s clerk, a copy of the trial court’s order setting the case management conference was not placed in her mailbox. On July 17, 2015, the trial court denied Appellant’s motion for relief, reasoning that Appellant’s counsel was properly served with the order.
We review a trial court’s ruling on a rule 1.540(b) motion for an abuse of discretion, Wells Fargo Bank, N.A. v. Michaels, 166 So.3d 226, 227 (Fla. 5th DCA 2015). The rule provides, in relevant part, “the court may relieve a party or a party’s legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect.” Fla. R. Civ. P, 1.540(b)(1). “The rule envisions an honest mistake made during the regular course of litigation, including those that result from oversight, neglect, or accident.” Paladin Props. v. Family Inv. Enters., 952 So.2d 560, 562 (Fla. 2d DCA 2007) (citing Schrank v. State Farm Mut. Auto. Ins. Co., 438 So.2d 410, 412 (Fla. 4th DCA 1983); Pompano Atlantis Condo. Ass’n v. Merlino, 415 So.2d 153, 154 (Fla. 4th DCA 1982)). We liberally, construe this rule in favor of facilitating decisions on the merits. J.J.K. Int’l, Inc. v. Shivbaran, 985 So.2d 66, 68 (Fla. 4th DCA 2008).
“Excusable neglect is found where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir.” Bowers v. Allez, 165 So.3d 710, 711 (Fla. 4th DCA 2015) (quoting Elliott v. Aurora Loan Servs., LLC, 31 So.3d 304, 307 (Fla. 4th DCA 2010)). Therefore, the “claim that a failure to appear due to a calendaring or clerical error is the type of ‘excusable neglect’ or ‘mistake’ that warrants relief under rule 1.540(b) is well-supported in Florida law.” Acosta v. Deutsche Bank Nat’l Trust Co., 88 So.3d 415, 417 (Fla. 4th DCA 2012) (citing J.J.K. Int’l, Inc., 985 So.2d at 68-69; Wilson v. Woodward, 602 So.2d 547, 549 (Fla. 2d DCA 1992)); see also Suntrust Mortg. v. Torrenga, 153 So.3d 952, 954 (Fla. 4th DCA 2014) (“[T]he attorney’s unintentional absence in the instant case due to inadvertent calendaring is the type of mistake excused by Florida Rule of CM Procedure 1.540(b), as well as judicial precedent.”),
Here, Appellant’s counsel presented undisputed evidence that, due to a *630 breakdown in internal firm procedures, she did not actually receive the trial court’s order setting the case management conference. Courts have consistently held that such error is precisely the type of excusable - neglect contemplated by rule 1.540(b)(1). See, e.g., Acosta, 88 So.3d at 417. We are mindful that trial judges must manage dockets replete with foreclosure cases, many of which often sit idle and cause an - unfortunate strain on the court system. However, dismissal of an otherwise valid foreclosure action due to counsel’s excusable neglect unduly punishes the litigant for conduct in which they did not participate. See Wilson, 602 So.2d at 549 (“Although the court has the authority to discipline counsel for failure to comply with the rules of civil procedure, ordinarily any punishment should be imposed upon the attorney and not the litigant.” (citations omitted)). Accordingly, we reverse the trial court’s order dismissing the case and remand for further proceedings.
REVERSED and REMANDED for further proceedings. •
SAWAYA and EDWARDS, JJ., concur.

. Because the trial court dismissed" this case before Appellant perfected service on the personal representative of Brogdon’s estate, and the heir to his estate is a minor, no defendant has been served in this action. 'Therefore,' Appellees do not participate in[1] this appeal.