# Third District Court of Appeal

## State of Florida

Opinion filed November 1, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-71
Consolidated: 3D16-2901
Lower Tribunal Nos. 15-27834, 14-16701

_____

**Saint Luc Jean Noel,**

Appellant,

vs.

**James B. Nutter & Company,**

Appellee.

_____

**Marie Ann Henry,**

Appellant,

vs.

**Reverse Mortgage Solutions, Inc.,**

Appellee.


Appeals from non-final orders from the Circuit Court for Miami-Dade County, Antonio Marin, Judge.

Morris | Barrow, LLP, and J. Wil Morris, for appellants.

Robertson, Anschutz & Schneid, P.L., and David Rosenberg and Jarrett Cooper (Boca Raton), for appellees.

Before LAGOA, SALTER, and LINDSEY, JJ.

LAGOA, J.

The appellants in this consolidated appeal seek review of the trial court's denial of respective motions for relief from final judgments of attorney's fees and costs pursuant to Florida Rule of Civil Procedure 1.540(b). Because the trial court abused its discretion in failing to vacate the relevant final judgments on the basis of excusable neglect, we reverse and remand for further proceedings.

I.    FACTUAL AND PROCEDURAL HISTORY

The underlying facts concern separate mortgage foreclosure actions. The relevant factual circumstances of each case are as follows:

A. Case Number 3D16-2901

In Case Number 3D16-2901, appellee, Reverse Mortgage Solutions, Inc. ("Reverse Mortgage"), filed a complaint to foreclose mortgage against appellant, Marie Ann Henry ("Henry"), on June 26, 2014 (the "Henry case"). On March 30, 2016, Henry filed an answer, affirmative defenses, and counterclaims. Henry's counterclaims were based on her allegation that Reverse Mortgage failed to obtain approval from the Secretary of Housing and Urban Development ("HUD") prior to commencing its foreclosure action. Shortly thereafter, on April 26, 2016, Reverse Mortgage served Henry's counsel with a motion for attorney's fees pursuant to the

2

"safe harbor" provision of section 57.105(4), Florida Statutes (2016).[1]  Reverse Mortgage asserted that the counterclaims were devoid of legal or factual support, and therefore frivolous, within the meaning of section 57.105 because Reverse Mortgage obtained approval from HUD on March 25, 2014, prior to commencing suit.  Henry failed to timely withdraw the counterclaims, and Reverse Mortgage subsequently filed its motion for attorney's fees.

---

[1] Section 57.105, Florida Statutes, provides in relevant part:

> (1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
> (a) Was not supported by the material facts necessary to establish the claim or defense; or
> (b) Would not be supported by the application of then-existing law to those material facts.
>
> . . . .
>
> (4) A motion by a party seeking sanctions under this section must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

On September 26, 2016, the trial court entered an order granting Reverse Mortgage entitlement to attorney's fees. On that same date, the trial court issued a standing order on attorney's fees and costs (the "standing order"). The standing order set forth deadlines for the parties' submissions related to the determination of an amount of fees. Specifically, the standing order provided that within ten days of the moving party's compliance with submissions, the non-moving party must respond in writing to each item of costs and fees, and that a failure to timely object shall constitute a waiver and approval of all fees and costs requested. The standing order also provided that no hearing was required if the non-moving party failed to object to the amounts sought. Henry failed to respond or object to Reverse Mortgage's submissions regarding the amounts of its fees, and on October 18, 2016, the trial court entered a final judgment of attorney's fees and costs against Henry and her counsel in an amount consistent with Reverse Mortgage's submissions.

After receiving a copy of the final judgment of attorney's fees and costs, Henry filed a verified motion for relief from final judgment of attorney's fees and costs pursuant to Florida Rule of Civil Procedure 1.540(b). Henry sought to vacate the final judgment on the basis of excusable neglect and to be allowed the opportunity to raise objections to the amount of fees sought by Reverse Mortgage. Specifically, Henry's counsel attested that "none of the deadlines outlined in the

4

Standing Order were ever noted or calendared" by his assistants, for whom calendaring is the sole responsibility in his office. Counsel attested that "but for the innocent failure to calendar the deadlines contained in the Standing Order" he would have objected to the time sheets submitted by Reverse Mortgage in support of attorney's fees. Counsel also stated that the Standing Order was filed on October 4, 2016, "the day before offices began closing due to Hurricane Matthew" and that this partially lead to the failure to calendar the deadlines outlined in the standing order.

On November 28, 2016, the trial court denied Henry's verified motion for relief from final judgment of attorney's fees and costs, finding that "there was no establishment of excusable neglect." Henry appeals from the trial court's order denying her motion for relief from final judgement of attorney's fees and costs.

B. Case Number 3D17-71[2]

In Case Number 3D17-71, appellee, James B. Nutter & Co. ("Nutter"), filed a complaint to foreclose mortgage against appellant, Saint Luc Jean Noel ("Noel"), on November 30, 2015 ("Noel case"). Noel was represented in the foreclosure action by the same counsel as Henry.[3] As he did in the Henry case, Noel's counsel

_____

[2] As these cases were consolidated for appellate purposes on the basis that the factual and procedural histories of the two cases were substantially similar, we also include a brief description of the underlying proceedings in Case Number 3D17-71.

[3] Nutter and Reverse Mortgage were also represented by the same counsel.

5

filed counterclaims based upon a factual allegation that Nutter failed to obtain approval from HUD prior to commencing its foreclosure action. Nutter served Noel's counsel with a motion for attorney's fees pursuant to the "safe harbor" provision of section 57.105(4), alleging entitlement to attorney's fees on the basis that it obtained approval from HUD prior to commencing suit, and therefore Noel's counterclaims were devoid of factual or legal support. The counterclaims were not timely withdrawn, and Nutter filed its motion with the trial court.

On September 26, 2016, the trial court entered an order granting Nutter entitlement to attorney's fees. On that same day, the trial court also issued a standing order on attorney's fees and costs which contained the same deadlines as those set forth in the standing order issued in the Henry case. Noel failed to respond or object to Nutter's submissions regarding the amount of its fees, and on November 7, 2016, the trial court entered a final judgment of attorney's fees and costs against Noel and his counsel in an amount consistent with Nutter's submission.

Noel subsequently filed a verified motion for relief from final judgment of attorney's fees and costs, seeking to vacate the final judgment and an opportunity to raise objections to the amount of attorney's fees sought. Noel's counsel made the same allegations of excusable neglect that he made in the Henry case— attesting that "none of the deadlines outlined in the Standing Order were ever

6

noted or calendared by the undersigned counsel's office," and that the failure to calendar the deadlines was partially because the standing order was sent during preparations for Hurricane Matthew. Following a hearing, the trial court entered an order on December 12, 2016, denying Noel's motion for relief from final judgment of attorney's fees. Noel appeals from the trial court's order denying his motion for relief from final judgement of attorney's fees.

II.   STANDARD OF REVIEW

The denial of a motion for relief from final judgment under Florida Rule of Civil Procedure 1.540(b) is reviewed for an abuse of discretion. See Ocwen Loan Servicing, LLC v. Brogdon, 185 So. 3d 627, 629 (Fla. 5th DCA 2016); SunTrust Mortg. v. Torrenga, 153 So. 3d 952, 953 (Fla. 4th DCA 2014); Acosta v. Deutsche Bank Nat'l Tr. Co., 88 So. 3d 415, 417 (Fla. 4th DCA 2012).

III.   ANALYSIS

The appellants and their counsel sought relief under rule 1.540(b), which provides in relevant part:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . .

7

Rule 1.540(b)(1) "'envisions an honest mistake made during the regular course of litigation, including those that result from oversight, neglect, or accident.'" Ocwen Loan Servicing, 185 So. 3d at 629 (quoting Paladin Props. v. Family Inv. Enters., 952 So. 2d 560, 562 (Fla. 2d DCA 2007)). "Excusable neglect is found 'where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir.'" Elliott v. Aurora Loan Servs. LLC, 31 So. 3d 304, 307 (Fla. 4th DCA 2010) (quoting Somero v. Hendry Gen. Hosp., 467 So. 2d 1103, 1106 (Fla. 4th DCA 1985)). Where a failure to act is the result of clerical or secretarial error, excusable neglect is established under rule 1.540(b). See Ocwen Loan Servicing, 185 So. 3d at 630 (finding that counsel's absence from case management conference constituted excusable neglect where firm's clerk misplaced order setting conference); SunTrust Mortg., 153 So. 3d at 954 ("[T]he attorney's unintentional absence in the instant case due to inadvertent calendaring is the type of mistake excused by Florida Rule of Civil Procedure 1.540(b), as well as judicial precedent."); J.J.K. Int'l, Inc. v. Shivbaran, 985 So. 2d 66, 68 (Fla. 4th DCA 2008) (holding that defense counsel's failure to appear at hearing was excusable neglect where secretary accidentally identified the hearing as cancelled); Wilson v. Woodward, 602 So. 2d 547, 549 (Fla. 2d DCA 1992) (finding plaintiff was entitled

8

to rule 1.540(b) relief from judgment where counsel's failure to attend hearing was due to secretary's failure to calendar hearing).

"'Excusable neglect must be proven by sworn statements or affidavits.'" Elliott, 31 So. 3d at 307 (quoting Geer v. Jacobsen, 880 So. 2d 717, 720 (Fla. 2d DCA 2004)). In this case, counsel for both Henry and Noel provided affidavits explaining the clerical mishap that led to counsel failing to comply with the deadlines set forth in the standing order. Specifically, counsel for both Henry and Noel attested that the calendaring responsibility in his office lies solely with his assistants, and that in this instance, his assistants failed to calendar the deadlines set forth in the relevant standing orders. Moreover, office preparations for Hurricane Matthew contributed to the assistants' failure to follow normal office procedure and calendar the deadlines. Counsel also attested that but for the failure to calendar the deadlines, he would have objected to the time sheets submitted by Reverse Mortgage and Nutter. These undisputed facts constitute the type of secretarial error or breakdown in normal office procedure, which constitute excusable neglect pursuant to rule 1.540(b). See Carter, Hawley, Hale Stores, Inc. v. Whitman, 516 So. 2d 83, 83-84 (Fla. 3d DCA 1987) (holding that neglectful, but understandable breakdown in defendant's established office practice that resulted in the complaint being lost on the desk of general counsel constituted excusable neglect).

III.    CONCLUSION

Because the failure to comply with the deadlines set forth in the standing orders was the result of excusable neglect, we find that the trial court abused its discretion in denying the respective motions for relief from final judgment of attorney's fees and costs.   On remand, Henry and Noel shall be given an opportunity to respond and object to Reverse Mortgage's and Nutter's submissions regarding attorney's fees in accordance with the terms of the standing orders.[4]

Reversed and remanded for further proceedings.

---

[4] We decline to address any arguments directed toward the merits of the underlying final judgments of attorney's fees and costs.  The law is clear that an appeal from an order denying a motion to vacate under rule 1.540(b) does not encompass the merits of the final judgment sought to be vacated or any other judgment.  See Troiano v. Tizon, 632 So. 2d 251, 252-53 (Fla. 3d DCA 1994); Shields v. Flinn, 528 So. 2d 967, 968 (Fla. 3d DCA 1988).