# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**LUMENES PIERRE**,
Appellant,

v.

**AMERICAN SECURITY INSURANCE COMPANY,**
Appellee.

No. 4D21-2105

[June 22, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Nicholas Richard Lopane, Judge; L.T. Case No. CACE17-006500.

Jonathan Korin and David J. Mannering of Korin Law P.A., Miami, for appellant.

Jay Kim, Anisha Atchanah, and Candace Phillips of Kim Vaughan Lerner, LLP, Fort Lauderdale, for appellee.

### *EN BANC*

GROSS, J.

The trial court dismissed a plaintiff's claim because his attorney failed to attend a case management conference. The plaintiff moved to set aside the dismissal based on mistake, inadvertence, or excusable neglect, which the trial court denied. This appeal ensued. We reverse because the trial court abused its discretion in refusing to set aside the dismissal.

We consider this case en banc to recede from the language in *Arriechi v. Bianchi*, 318 So. 3d 4 (Fla 4th DCA 2021), that imposes an incorrect test to a plaintiff's effort to set aside a dismissal.

Lumenes Pierre, the plaintiff below, was insured with appellee American Security Insurance Company. He sued American Security claiming that it failed to pay all the damages to which he was entitled for a property loss.

On December 3, 2019, the trial court scheduled a case management conference for February 3, 2020, pursuant to Florida Rule of Civil Procedure 1.200.

On February 3, 2020, the plaintiff's counsel failed to appear at the case management conference. The court dismissed the case with a form order upon which the court wrote: "Plaintiff failed to appear. This case is DISMISSED." At the bottom of the order, the court checked the option indicating that copies of the order were furnished "In Open Court." The other two options: "By Mail" and "By E-mail/Efiling Portal" were not checked.

On March 11, 2020, the plaintiff's attorney moved *inter alia* to vacate and/or set aside the February 3, 2020 order of dismissal pursuant to Florida Rule of Civil Procedure 1.540(b). The plaintiff detailed that his counsel failed to attend the case management conference due to a clerical scheduling error.

On March 13, 2020, the plaintiff filed an affidavit in support of the motion from the law firm's legal assistant responsible for scheduling. The legal assistant explained that his mistake and clerical error resulted in the attorney's failure to appear at the case management conference. Another affidavit attached to the motion for rehearing clarified that the plaintiff's law firm did not discover the dismissal until March 11 and that it did not receive the order by email or mail, a situation consistent with the face of the order, which indicated only that it was provided in open court.

The trial court denied both the plaintiff's motion to set aside the dismissal and the motion for rehearing, but clarified that its February 3 dismissal was an adjudication on the merits.

Under Florida Rule of Civil Procedure 1.540(b)(1), a court may relieve a party from a final judgment or order based on "mistake, inadvertence, surprise, or excusable neglect." A rule 1.540(b)(1) motion "shall be filed within a reasonable time" and "not more than 1 year after the judgment" or order was "entered."

A calendaring error by an attorney's staff is one of the common reasons that relief is granted under rule 1.540(b)(1). *J.J.K. Int'l, Inc. v. Shivbaran*, 985 So. 2d 66, 68–69 (Fla. 4th DCA 2008) (reversing an order denying a rule 1.540 motion based on excusable neglect to set aside a final order dismissing the plaintiff's complaint with prejudice because the attorney's failure to appear at a special set hearing was due to the secretary's mistake of marking the hearing as "CANCELLED" on the attorney's calendar);

2

*Acosta v. Deutsche Bank Nat'l Tr. Co.*, 88 So. 3d 415, 417 (Fla. 4th DCA 2012) (recognizing that "a failure to appear due to a calendaring or clerical error is the type of 'excusable neglect' or 'mistake' that warrants relief under rule 1.540(b) is well-supported in Florida law" and reversing accordingly the order denying a rule 1.540(b) motion for relief from a final summary judgment, which was entered due to attorney's inadvertent failure to attend the summary judgment hearing because of a paralegal's calendaring omission); *Ocwen Loan Servicing, LLC v. Brogden,* 185 So. 3d 627, 629–30 (Fla. 5th DCA 2016) (finding excusable neglect under rule 1.540(b) where attorney failed to appear at case management conference due to a calendaring error).  The five-week period from the entry of the order of dismissal to the bringing of the motion to vacate was a "reasonable time," especially where the order itself does not indicate that it was served upon the plaintiff by either email or mail.  The trial court abused its discretion in refusing to set aside the order.

## Arriechi v. Bianchi *Does Not Control the Outcome of This Case*

American Security relies on *Arriechi v. Bianchi,* 318 So. 3d 4 (Fla. 4th DCA 2021).  We write to distinguish *Arriechi* and recede from a sentence in the opinion.

In *Arriechi,* the *plaintiff*'s attorney failed to attend a case management conference in January and the trial court dismissed the case.  *Id.* at 5. Four months later, the plaintiff sought to set aside the dismissal.  *Id.*  The trial judge granted the motion and vacated the order of dismissal.  *Id.*  The defendant appealed, and this court reversed the order vacating the dismissal.  *Id.* at 6.

*Arriechi* set forth this standard for the plaintiff's attempt to set aside the final judgment of dismissal:

> To set aside the judgment the plaintiff was required to show: "(1) the failure to file a responsive pleading was the result of excusable neglect; (2) the moving party has a meritorious defense; and (3) the moving party acted with due diligence in seeking relief from the default."

*Id.* at 5 (quoting *Hepburn v. All Am. Gen. Constr. Corp.*, 954 So. 2d 1250, 1251–52 (Fla. 4th DCA 2007)).  Obviously, this statement of law cannot apply to a plaintiff seeking to avoid the dismissal of a case he filed; why would the plaintiff have to show that there is a meritorious defense to his own case? Although the case involved a dismissal arising from the failure of the *plaintiff*'s attorney to attend a case management conference,

3

*Arriechi*'s quoted language was only applicable to a defendant's attempt to set aside a default final judgment.[1]

We recede from the language in *Arriechi* in the block quote above that purports to set forth the standard to be applied when a plaintiff seeks to set aside a dismissal of a case.

We distinguish *Arriechi* because that case involved the absence of an affidavit in support of the motion and a four-month delay in the plaintiff's attempt to set aside the judgment. The four-month delay was neither a "reasonable time" under rule 1.540(b) nor compliant with the "due diligence" standard in other areas of the law.[2] Here, the plaintiff acted with dispatch upon learning of the dismissal.

For these reasons, we reverse and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

KLINGENSMITH, C.J., WARNER, MAY, DAMOORGIAN, CIKLIN, GERBER, LEVINE, CONNER, FORST, KUNTZ and ARTAU, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] For example, *Hepburn*, the case from which the quoted language in *Arriechi* originated, this court reversed and reinstated a default final judgment because the defendant failed to demonstrate the due diligence prong of the three-part test by delaying four months before filing a motion to vacate the default judgment. 954 So. 2d at 1251–52.

[2] We note that the "reasonable time" standard of rule 1.540(b) is akin to the "due diligence" standard applicable when a defendant seeks to set aside a default final judgment after a failure to file a responsive pleading.