# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case Nos. 6D2023-1402, 6D2023-1825
Lower Tribunal No. 2016-CA-007599-O

_____

STEPHANIE SILLS,

Appellant,

v.

MOTOR CAR CONCEPTS II, INC., AUTO OWNERS INSURANCE CO., HUDSON INSURANCE CO., AMERICAN SAFETY INSURANCE CO., AND AEGIS SECURITY INSURANCE CO.,

Appellees.

_____

Appeal from the Circuit Court for Orange County.
Kevin B. Weiss, Judge.

October 25, 2024

TRAVER, C.J.

We have consolidated two appeals for purposes of this opinion. Stephanie Sills challenges the trial court's final judgment confirming an arbitration award and granting attorney's fees and costs to Motor Car Concepts II, Inc. ("MCC") ("the First Appeal").[1] She also contests the trial court's refusal to vacate its order denying her motion for rehearing ("the Second Appeal"). Because we lack jurisdiction over the First Appeal and the Second Appeal reflects no error, we dismiss in part and affirm in part.

_____

[1] Case No. 6D2023-1402 was transferred from the Fifth District Court of Appeal to this Court on January 1, 2023.

Sills bought a used car from MCC via a contract that included an arbitration provision. She later sued MCC and its bond companies—none of whom are part of this proceeding—in circuit court. MCC moved to compel arbitration, and the trial court granted its request and stayed the case. Over two years later, the trial court dismissed the case for failure to prosecute after orally warning Sills to schedule the arbitration. The arbitrator later dismissed the arbitration after the trial court denied Sills's motion to vacate the dismissal. Sills contested neither of these rulings.

MCC then moved to "confirm arbitration award" and for attorney's fees and costs. Sills argued there was no arbitration award, and that the trial court no longer had jurisdiction to grant relief because it had dismissed the case without a reservation of jurisdiction. After a hearing, the trial court entered an order "lifting [the] stay," confirming the arbitration award, granting fees and costs, and entering final judgment in MCC's favor. Sills did not immediately appeal.

Instead, she electronically filed a motion for rehearing; the parties dispute whether this action served a copy on MCC. Three days later, Sills received an email from the trial clerk informing her that she needed to correct her motion for rehearing. She claims her lawyer mistakenly ignored the email,[2] and the trial clerk therefore never docketed the motion for rehearing. Sills then mailed the motion for rehearing to the trial court, which

---

[2] Counsel confused the trial clerk's request for a correction with a previous request for a correction.

denied it without a hearing. The trial court concluded that it no longer had jurisdiction to consider the motion for rehearing because Sills had not timely provided it.

Sills then filed the First Appeal, challenging the trial court's final judgment. Sills later moved to vacate the trial court's denial of her motion for rehearing. After we relinquished jurisdiction in the First Appeal, and following a hearing, the trial court denied this request because Sills failed to assert any mistake or excusable neglect. Sills filed two declarations in support of her motion to vacate, but neither addressed whether she properly served her motion for rehearing on MCC. No hearing transcript exists. In the Second Appeal, Sills contests the trial court's refusal to vacate its rehearing order.

We lack jurisdiction over the First Appeal. Sills would typically need to file a notice of appeal with the trial court within thirty days of rendition of the final judgment for us to have the power to review it. *See* Fla. R. App. P. 9.110(b); *Capone v. Philip Morris USA, Inc.*, 116 So. 3d 363, 369 (Fla. 2013). That did not happen here, but it is not the end of our inquiry because a timely motion for rehearing will toll the time for rendition. *See* Fla. R. App. P. 9.020(h)(1)(B); *Capone*, 116 So. 3d at 370. To toll rendition, Sills had to *serve* her motion for rehearing on MCC no later than fifteen days after the trial court entered its final judgment. *See* Fla. R. Civ. P. 1.530(b). To serve MCC, Sills used the Florida Courts e-filing portal. *See* Fla. R. Civ. P. 1.080(a); Fla. R. Gen. Prac. & Jud. Admin. 2.516(a). She claims she served her motion for rehearing on MCC because the e-filing portal "served the document by e-mail or provided a link by

3

email to a document on a website maintained by a clerk." *See* Fla. R. Gen. Prac. & Jud. Admin. 2.516(b)(1).

Our record does not establish that MCC received service of the motion for rehearing through the e-filing portal. Sills's declarations do not address this issue, and the unauthenticated emails attached to her motion to vacate do not show that MCC received service of the motion for rehearing. Furthermore, we have no transcript of Sills's only other opportunity to prove service on MCC, thus fatally hindering our review of the trial court's decision. *See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory."). We therefore dismiss the First Appeal for lack of jurisdiction.

We have jurisdiction over the Second Appeal. *See* Fla. R. App. P. 9.130(a)(5). We review a trial court's decision whether to vacate one of its orders for an abuse of discretion. *See J.J.K. Int'l, Inc. v. Shivbaran*, 985 So. 2d 66, 68 (Fla. 4th DCA 2008). With no transcript available, we cannot conclude Sills has met this standard, and we therefore affirm the Second Appeal. *See Applegate*, 377 So. 2d at 1152.

AFFIRMED in part; DISMISSED in part.

MIZE and GANNAM, JJ., concur.

Roger D. Mason, II, and Autumn D. Carty, of Roger D. Mason, II, P.A., Saint Petersburg, for Appellant.

4

Phil A. D'Aniello, of Fassett, Anthony & Taylor, P.A., Orlando, for Appellee, Motor Car Concepts II, Inc.

No Appearance for Appellees, Auto Owners Insurance Co., Hudson Insurance Co., American Safety Casualty Insurance Co., and Aegis Security Insurance Co.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF TIMELY FILED