# Third District Court of Appeal

## State of Florida

Opinion filed April 30, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0197
Lower Tribunal No. 21-15708
_____

**Tigran Abrahamyan,**
Appellant,

vs.

**Lilya Arakelyan,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Oscar Rodriguez-Fonts, Judge.

Tigran Abrahamyan, in proper person.

Lilya Arakelyan, in proper person.

Before FERNANDEZ, MILLER, and BOKOR, JJ.

PER CURIAM.

Affirmed.  <u>See</u> § 61.075(7), Fla. Stat. (2023) ("The cut-off date for determining assets and liabilities to be identified or classified as marital assets and liabilities is the earliest of the date the parties enter into a valid separation agreement, such other date as may be expressly established by such agreement, or the date of the filing of a petition for dissolution of marriage.  The date for determining value of assets and the amount of liabilities identified or classified as marital is the date or dates as the judge determines is just and equitable under the circumstances."); § 55.605(2)(j), Fla. Stat. (2023) (including due process among grounds for nonrecognition of a foreign judgment); <u>Aills v. Boemi</u>, 29 So. 3d 1105, 1108–09 (Fla. 2010) (finding issues not raised in trial court are not preserved for appellate review); <u>Mulligan v. State Farm Fla. Ins. Co.</u>, 127 So. 3d 852, 853 (Fla. 4th DCA 2013) (noting appellant waived argument on appeal by failing to present or preserve issue in the trial court); <u>Canakaris v. Canakaris</u>, 382 So. 2d 1197, 1203 (Fla. 1980) ("The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness."); § 61.075(8), Fla. Stat. ("All assets acquired and liabilities incurred by either spouse subsequent to the date of the marriage and not specifically established as nonmarital assets or liabilities are presumed to be marital assets and liabilities."); § 61.08(2), Fla. Stat. (2022) (explaining factors trial

court can consider when awarding alimony); § 61.16(1), Fla. Stat. (2023) ("The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter . . . ."); Rosen v. Rosen, 696 So. 2d 697, 700 (Fla. 1997) ("[S]ection 61.16 should be liberally—not restrictively—construed to allow consideration of any factor necessary to provide justice and ensure equity between the parties.").