# Third District Court of Appeal

## State of Florida

Opinion filed April 20, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0420
Lower Tribunal No. 21-6169-CA-01
_____

**Amerant Bank N.A.,**
Appellant,

vs.

**D.R. Horton, Inc., et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Lourdes Simon, Judge.

Law Offices of Victor K. Rones, P.A., and Victor K. Rones and Jeremy Rones, for appellant.

Koeller, Nebeker, Carlson & Haluck, LLP, and Ian P. Gillan and Justin M. Leise (Orlando), for appellees.

Before SCALES, C.J., and LOGUE and BOKOR, JJ.

BOKOR, J.

Amerant Bank N.A. filed and served an amended complaint against D.R. Horton, Inc. D.R. Horton failed to respond. Amerant Bank then obtained a clerk's default and default final judgment. D.R. Horton moved for relief under Florida Rule of Civil Procedure 1.540(b)(1). D.R. Horton explained in its verified motion for relief that its failure to respond to the complaint resulted from clerical and calendaring errors. Those errors, combined with in-house counsel's earlier-than-planned maternity leave, prevented the matter from being timely assigned to outside counsel for handling. The trial court granted relief; Amerant Bank appeals. The trial court did not abuse its discretion in granting relief from judgment because D.R. Horton established excusable neglect, demonstrated the existence of meritorious defenses to the action, and acted with due diligence. We therefore affirm.

## I. Background

In 2021, Amerant Bank filed suit against a prior owner of a property located at 9560 SW 107 Avenue, Unit 107, Miami, Florida. Amerant Bank alleged that its predecessor entity (Mercantil Bank) issued a $77,000 standby letter of credit in 2009 and sought relief in quantum meruit and an equitable lien. Amerant Bank subsequently amended the complaint to add D.R. Horton, the current property owner since 2020 (and fifth record owner of the property since the letter of credit was issued) as a defendant. The

amended complaint was served on D.R. Horton's registered agent on April 20, 2021, but D.R. Horton failed to calendar the deadline to respond or refer the matter to outside counsel. A clerk's default was entered against D.R. Horton on May 14, 2021.

In late June 2021, a title search on the property revealed the original complaint against one of the prior property owners, which complaint did not include D.R. Horton as a defendant. D.R. Horton's in-house counsel, Cammy Kennedy, began investigating the lawsuit on June 24, 2021.[1] She didn't get very far, as that same day she was admitted to the hospital on an emergency basis to give birth. Kennedy was on maternity leave from June 24, 2021 to September 2021. Amerant Bank moved for a default final judgment, first noticed for hearing on July 15, 2021 and then re-noticed for August 17, 2021. Both the notice and re-notice of hearing on the motion for default final judgment contain a certificate of service certifying that a copy was served on D.R. Horton's registered agent.[2] The trial court entered a default final judgment on August 20, 2021. The default final judgment contains a notice

---

[1] Kennedy provided an uncontested affidavit in support of the motion for relief from judgment.

[2] The notices also indicate that the hearing will be conducted "via zoom video conference (link to be provided)." There is no record that the Zoom links were provided.

of electronic service on counsel for Amerant Bank, but contains no indication that it was served on D.R. Horton.[3]

In response to a title inquiry on the subject property in February 2022, Kennedy learned of the default final judgment. Within 30 days of discovery, D.R. Horton filed a motion for relief from judgment along with Kennedy's affidavit. It also included a draft answer and affirmative defenses to the amended complaint. The trial court held a hearing on the motion for relief from judgment and granted relief. Amerant Bank's appeal follows.

## II. Analysis

We review a trial court's grant of relief under Rule 1.540 for gross abuse of discretion. Chetu, Inc. v. Franklin First Fin., Ltd., 276 So. 3d 39, 41 (Fla. 4th DCA 2019). Relief under Rule 1.540(b)(1) "envisions an honest mistake made during the regular course of litigation, including those that result from oversight, neglect, or accident." Paladin Props. v. Fam. Inv. Enters., 952 So. 2d 560, 562 (Fla. 2d DCA 2007). And we "liberally construe this rule in favor of facilitating decisions on the merits." Ocwen Loan Servicing, LLC v. Brogdon, 185 So. 3d 627, 629 (Fla. 5th DCA 2016). But that discretion is not unlimited. Under Rule 1.540(b)(1), to set aside a default or default final

---

[3] The default final judgment lists two email addresses for counsel for Amerant Bank under the section entitled "Electronically Served" but contains nothing under the section entitled "Physically Served."

4

judgment, a movant must file a motion within one year of the judgment, decree, or order, and establish that: "(1) the failure to file a timely responsive pleading or paper was the result of excusable neglect; (2) the defaulting party has a meritorious defense; and, (3) the defaulted party has been reasonably diligent in seeking to vacate the default after it was discovered." 205 Jacksonville, LLC v. A-Affordable Air, LLC, 16 So. 3d 974, 975 (Fla. 3d DCA 2009). We review each of the three factors as applied to the facts here.

Excusable neglect requires a showing of "inaction result[ing] from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir." Somero v. Hendry Gen. Hosp., 467 So. 2d 1103, 1106 (Fla. 4th DCA 1985). Here, the verified motion and Kennedy's supporting uncontroverted affidavit explained that the amended complaint was received, but the established system and procedures, which mandates calendaring a response date and triggers assignment to outside counsel, failed. A breakdown in internal procedures "is precisely the type of excusable neglect contemplated by rule 1.540(b)(1)." Brogdon, 185 So. 3d at 630.

The transcript of the hearing on the motion to vacate shows that the trial court examined the claim of excusable neglect in detail, finding that the failure to calendar the due date was a classic failure of internal procedures,

5

and the failure to react to the notices of default final judgment was ultimately excusable. Through mistake or inadvertence, those systems failed while Kennedy was on duty and the backup coverage systems in place during Kennedy's earlier-than-planned maternity leave also failed. Amerant Bank claims that the multiple failures mean that this was not a "system gone awry" but a "defective system altogether." Bequer v. Nat'l City Bank, 46 So. 3d 1199, 1202 (Fla. 4th DCA 2010). Bequer involved the failure to respond to the complaint and "correspondence advising of the default" that was "sent on three different occasions." Id. The correspondence included a cover letter, a copy of the default, an affidavit of damages, and a proposed default judgment. Id. at 1200. Here, Amerant Bank sent no correspondence advising of the default; instead, it sent two notices of hearing of the motion for default final judgment. The first notice was sent before Kennedy's maternity leave, the second notice after she began her leave. The hearing occurred during the leave. And the default final judgment, which has no indication of service on D.R. Horton, was also issued during her maternity leave. Based on the specific circumstances present here, we cannot say that the trial court abused its discretion in finding excusable neglect.

Next, we examine the existence of a meritorious defense. While we take no position on the ultimate outcome, the verified motion for relief attaches

6

both an affidavit setting forth defenses and avoidances and a draft answer containing numerous affirmative defenses. As this court has explained, a party seeking relief establishes a meritorious defense by attaching a proposed answer "to its motion to vacate, which answer sets out in detail a number of affirmative defenses." Fortune Ins. Co. v. Sanchez, 490 So. 2d 249, 249 (Fla. 3d DCA 1986). The trial court did not abuse its discretion in finding the existence of a meritorious defense.

Finally, we review due diligence, "which is a test of reasonableness, [and] must be evaluated based on the facts of the particular case." Elliott v. Aurora Loan Servs., LLC, 31 So. 3d 304, 308 (Fla. 4th DCA 2010) (citing Franklin v. Franklin, 573 So. 2d 401, 403 (Fla. 3d DCA 1991)). Kennedy's affidavit set forth that she learned of the default final judgment in late February 2022 because of a title inquiry on the subject property. She contacted and retained outside counsel, who filed the motion for relief from judgment with the accompanying affidavit and draft answer and affirmative defenses, on March 18, 2022, within a month of discovering the default final judgment. Based on the circumstances present here, the trial court did not abuse its discretion in finding that D.R. Horton acted with due diligence.

## III. Conclusion

As explained above, based on the facts present here, the trial court did not abuse its discretion in granting D.R. Horton's motion for relief from judgment.

Affirmed.

SCALES, C.J., concurs.

LOGUE, J., concurring.

As reflected on the public docket, briefing in this case was completed and the case was ready to be decided in the fall of 2023. The majority opinion is being issued two and a half years later. We should not – we cannot – be heedless of the harm this sort of undue judicial delay inflicts on litigants, lawyers, and society. Art. I, § 21, Fla. Const. ("[J]ustice shall be administered without sale, denial or delay.").

Because of the undue delay in issuing the opinion, "I agree with the result, but I cannot in good conscience agree with the delay." <u>De Cardenas v. White Pine Ins. Co.</u>, No. 3D23-0195, 2026 WL 873458, at *3 (Fla. 3d DCA Mar. 31, 2026) (Logue, J., concurring in result only) (raising concerns about undue delay of over two years).

9